**In re The Marriage of Carla M. (Bagby) BROWELL, Appellant–Respondent,**

**v.**

**Rick W. BAGBY, II, Appellee–Petitioner.**

No. 82A01–0702–CV–89.

Court of Appeals of Indiana.

Oct. 26, 2007.

Rehearing Denied Dec. 26, 2007.

registration is decidedly different than a finite period of ten years.

Dennis L. Brinkmeyer, James A. Kornblum, Lockyear, Kornblum & Macer, LLP, Evansville, IN, Attorneys for Appellant.

Jeff Shoulders, LLP, Barber & Shoulders, LLP, Evansville, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Carla (Bagby) Browell ("Mother") appeals the trial court's grant of Rick Bagby's ("Father") petition to modify custody after Mother filed a notice of intent to move to Nashville, Tennessee. Because we find that the trial court acted within its discretion in granting the petition, we affirm.

### Facts and Procedural History

Mother and Father married in September 1998. The couple had two children during the course of their marriage: Gr. B., born February 8, 1999, and Ga.B., born November 6, 2002. The parties separated in May 2003. Both parents initially pursued physical custody of the children, and Mother sought permission to relocate with them to Florida. The parties subsequently agreed "to designate [Mother] as primary physical custodian and her agreement to remain in the Evansville/Newburgh geographic area was conditioned upon ... [Father] withdrawing his request for primary physical custody of the Children." Appellant's App. p. 26–27. On January 9, 2004, the trial court approved the agreement and granted the divorce. Pursuant to the terms of their dissolution decree, Mother received primary physical custody of the children, with Father retaining "liberal parenting time." *Id.* at 25.

Mother subsequently remarried, and on October 7, 2005, she filed a Notice of Intent to Move Residence, informing Father and the trial court that she intended to relocate to Nashville, Tennessee, with her husband and the two children. In support of her accompanying request for a modification of visitation, Mother argued that a substantial change in circumstances had occurred, in that her husband had received new employment in Nashville. *Id.* at 39–40. She asked that Father's "visitation be modified to take in to consideration [Mother's] relocation of residence and distance factor." *Id.* at 40. In response, on October 19, 2005, Father objected to the relocation and filed a petition for modification of custody. In his modification petition, Father argued that it was in the children's best interests for him to have primary physical

custody and that substantial changes in circumstances warranted the modification. *Id.* at 43.

After several hearings,[1] the trial court issued its Order on Petitions for Modification on January 16, 2007. In this order, the court denied Mother's request to relocate with the children, concluding that it could not "find that the move by the Mother can be justified by the disruption to the lives of the children." *Id.* at 16. Instead, the trial court granted Father's petition for modification of custody. Specifically, the court ordered, "[T]he Father's Petition to Modify should be granted and while the parents will retain joint legal custody, the Father shall have physical custody. The Mother's visitation shall be pursuant to the Parenting Time Guidelines except that because of the distance factor weeknight visitation shall be eliminated." *Id.* at 16–17. Mother now appeals.

## Discussion and Decision

Mother presents several issues for our review, which we consolidate and rephrase as whether the trial court abused its discretion in granting Father's petition to modify custody, thereby granting him physical custody of the parties' children. We review custody modifications for an abuse of discretion, "with a 'preference for granting latitude and deference to our trial judges in family law matters.' " *Green v. Green,* 843 N.E.2d 23, 26 (Ind.Ct.App. 2006) (quoting *Apter v. Ross,* 781 N.E.2d 744, 757 (Ind.Ct.App.2003), *trans. denied*). When reviewing a trial court's decision modifying custody, we may not reweigh the evidence or judge the credibility of the witnesses. *Id.* (citing *Leisure v. Wheeler,* 828 N.E.2d 409, 414 (Ind.Ct.App.2005)). Instead, we consider only the evidence

most favorable to the judgment and any reasonable inferences therefrom. *Id.* The burden of demonstrating that an existing child custody arrangement should be modified rests with the party seeking the modification. *Id.* at 27.

In the case before us, the issue of custody modification arose within the context of the custodial parent's desire to relocate with the parties' children. In situations where a custodial parent wishes to relocate with a child or children, Indiana law requires that the custodial parent give notice of this intent to the noncustodial parent and to the trial court. Ind.Code §§ 31–17–2–4, –23.[2] As an initial matter, we note that Indiana's relocation notice and hearing statutes were recently repealed and replaced. Effective July 1, 2006, our legislature repealed Indiana Code §§ 31–17–2–4 and 31–17–2–23 and replaced them with Indiana Code chapter 31–17–2.2. Pub.L. No. 50–2006, § 7 (eff. July 1, 2006). The parties disagree about whether Indiana Code chapter 31–17–2.2 is applicable to this case. Appellant's Br. p. 13; Appellee's Br. p. 11. It is not. "As a general rule, the law in place at the time an action is commenced governs." *Ind. Dep't of Envtl. Mgmt. v. Med. Disposal Serv., Inc.,* 729 N.E.2d 577, 581 (Ind.2000). Further, unless the legislature indicates to the contrary, "statutes are treated as intended to operate prospectively, and not retrospectively." *Id.* (citation omitted). Here, the legislature did not indicate that Indiana Code chapter 31–17–2.2 would apply retroactively. *See* Pub.L. No. 50–2006, § 7 (eff. July 1, 2006). Mother and Father filed their petitions in October 2005. Thus, the relevant statutes in effect at the time this action was commenced were

---

1. Evidentiary hearings were held on July 6, 2006, July 12, 2006, and October 30, 2006. Appellant's App. p. 4–5.

2. These statutory provisions were repealed on July 1, 2006. However, as we explain, they apply to this case.

Indiana Code §§ 31–17–2–4 and 31–17–2–23, and we apply them in the present analysis.[3]

■ Indiana Code § 31–17–2–21 governs the modification of child custody orders, including situations in which modification of custody is sought based upon a custodial parent's relocation. *Bettencourt v. Ford*, 822 N.E.2d 989, 998 (Ind.Ct.App.2005). This statute reads in relevant part:

> The court may not modify a child custody order unless ... the modification is in the best interests of the child; and ... there is a substantial change in one (1) or more of the factors that the court may consider under section 8 of this chapter.... In making its determination, the court shall consider the factors listed under section 8 of this chapter.

Ind.Code § 31–17–2–21. These factors include:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

 (A) the child's parent or parents;

 (B) the child's sibling; and

 (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

 (A) home;

 (B) school; and

 (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind.Code § 31–17–2–8. Further, Indiana Code § 31–17–2–23 "must be construed in conjunction with the child custody modification statute." *Bettencourt*, 822 N.E.2d at 998 (citing *Fields v. Fields*, 749 N.E.2d 100, 109 (Ind.Ct.App.2001), *trans. denied* ). This statutory provision addresses the effect of a parent's relocation on child custody modification determinations. It provides in part:

> (a) If an individual who has been awarded custody of a child ... intends to move to a residence:
>
> (1) other than a residence specified in the custody order; and
>
> (2) that is outside Indiana or at least one hundred (100) miles from the individual's county of residence;
>
> the individual must file a notice of the intent to move with the clerk of the court that issued the custody order and send a copy of the notice to the parent who was not awarded custody and who has been granted visitation rights....
>
> (b) Upon request of either party, the court shall set the matter for a hearing for the purposes of reviewing and modifying, if appropriate, the custody, visitation, and support orders. The court shall take into account the following in

---

**3.** We note that this Court recently applied Indiana Code chapter 31–17–2.2 in a similar situation. *Baxendale v. Raich*, 866 N.E.2d 333, 336 (Ind.Ct.App.2007), *reh'g denied, trans. granted, opinion vacated pursuant to* *Indiana Appellate Rule 58(A)* (Sept. 25, 2007). However, in *Baxendale*, neither party argued that the previous statute should apply, and, additionally, our Supreme Court recently granted transfer in that case.

determining whether to modify the custody, visitation, and support orders:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for noncustodial parents to exercise visitation rights.

I.C. § 31–17–2–23. Keeping all of these considerations in mind, we now turn to the matter at hand.

In response to the parties' petitions for modification—Mother's petition for visitation modification and Father's petition for custody modification—the trial court issued a written order detailing its findings and ultimately granted Father's petition. Recognizing its obligation to consider the factors included in Indiana Code § 31–17–2–8 to ultimately determine whether modification was warranted, the court made the following findings:

1. Factors (1) and (3) are of no consequence because of the children's age and the fact that neither party offered the Court an opportunity to interview the children.

2. Factor (2) is obvious in that both parties wish to be the custodial parent.

3. Factors (4) and (5) are clearly the most significant for the Court's consideration. The evidence was abundant and clear that a move by the Mother to Nashville would seriously effect [sic] the interaction and interrelationship of the children and the Father and the Father's very close knit family. Also the older child has established ties to his school and community and the activities related to these two relationships. For these reasons, the Court

finds that there would be a substantial change if the Mother would move to Nashville.

4. Factors (6) and (7) are of no significance since there was no evidence that either parent suffered from any mental or physical limitation and allegations of domestic or family violence occurred prior to the agreed decree and thus cannot be considered by the Court. [4]

Appellant's App. p. 16. The trial court then used these findings, and the evidence supporting them, to evaluate the best interests of the children, incorporating the considerations required by the relocation statute:

The children have established lives in the Evansville area. The Father's extended family lives in the area. The children attend school and preschool in the area and engage in activities in the area. There was no evidence to suggest that the children are not well adjusted to these surroundings.

The Mother has chosen to disturb this status and move to Nashville. Visitation by the Father will become very difficult because of his work schedule and will significantly impact his ability to have a meaningful relationship with the children but the Mother will have every weekend free as she has chosen not to work thus making weekend travel far easier for her. . . .

*Id.* The court then concluded, "The Court cannot find that the move by the Mother can be justified by the disruption to the lives of the children." *Id.*

 Mother makes several arguments in support of her claim that the trial court abused its discretion. She first contends

---

4. This observation is apparently a reference to an incident involving only Father and Mother's current husband, which occurred before the dissolution of the parties' marriage. *See* Tr. p. 73.

that the trial court improperly allocated the burden of proof. Specifically, she argues that the trial court improperly placed the burden upon her to show that the relocation was in the best interests of the children. Appellant's Br. p. 15. Her argument relates entirely to the application of Indiana Code § 31–17–2.2, which we have already determined does not apply in this case. Nonetheless, we note that there is no indication in the record that the trial court shifted the burden away from Father, whose responsibility it was to demonstrate that modification was appropriate. *Green,* 843 N.E.2d at 27. Mother points to the trial court's observation in its order that, "The court must now determine whether the move is in the best interest of the children," in support of her claim that the court improperly shifted the burden of proof. Appellant's Br. p. 15. However, this is a neutral statement. We presume that the trial court knew and followed the law, properly imposing the burden on Father as it was required to do. *Ramsey v. Ramsey,* 863 N.E.2d 1232, 1239 (Ind.Ct. App.2007). We find no error.

Mother next argues that the trial court erred in recognizing her relocation as a "substantial change in circumstances." *See* Appellant's App. p. 16. Arguing that a parent's move out of state is itself an insufficient reason for a custody modification, Mother contends that "[u]nder the factual circumstances of this case, the Mother's relocation to Nashville, Tennessee where her husband had obtained employment was not a change in circumstances of such a substantial nature that a change in the custody of the parties' children would have been warranted." Appellant's Br. p. 12. Mother is correct that an out of state move "is not per se a substantial change of circumstances." *Lamb v. Wenning,* 600 N.E.2d 96, 98 (Ind.1992), *superceded by statute on other grounds*

(citing *Poret v. Martin,* 434 N.E.2d 885, 890 (Ind.1982)); *In re B.D.D.,* 779 N.E.2d 9, 14 (Ind.Ct.App.2002). However, we disagree with her contention that "it is obvious that the change in custody was premised solely upon the Mother's relocation to Nashville, Tennessee." Appellant's Br. p. 12. While the trial court observed that "the single factor causing this litigation is the Mother's move to Nashville," the court expressly recognized "that a custodial parent's relocation alone will not support a modification of custody." Appellant's App. p. 15. Instead, "it is the effect of the move upon the child that renders a relocation substantial or inconsequential—i.e. against or inline [sic] with the child's best interest." *Id.; Lamb,* 600 N.E.2d at 99. To the extent that Mother argues that the trial court made its decision based upon an improper factor, we disagree. It is apparent from the trial court's written order that its finding of a substantial change in circumstances was based upon the effect of the relocation upon the children, not the relocation alone. Appellant's App. p. 15–16. The trial court did not err in this regard.

Finally, Mother argues that the trial court's findings of fact are not supported by the record. She argues that the trial court's determination that a relocation would cause a substantial change in several statutory factors was contrary to the evidence: "Although the Mother does not deny the fact that there is interaction and an interrelationship of the children with the Father's family, there is no evidence to support the contention that the children's move to Nashville would seriously affect that relationship." Appellant's Br. p. 17. In this case, the trial court found that the "evidence was abundant and clear that a move ... would seriously effect [sic] the interaction and interrelationship of the children and Father and the Father's very

close knit family. Also the older child has established ties to his school and community and the activities related to these two relationships." Appellant's App. p. 16. These findings are supported by evidence in the record. The record reflects that both parents enjoy loving relationships with the children. It also reflects that in the Evansville area, where the children have lived their entire lives, they have close relationships with their large extended family, Tr. p. 321–324, 362, 411–12, 450, 455–56, 466–68; Pet. Ex. 5 p. 12–13, 36, 39–40, and the older child attends school, Tr. p. 399, 409–10; Pet. Ex. 5 p. 12–13. Evidence was also before the trial court that the potential separation of the children from their extended family and longtime environment caused them anxiety, *see* Pet. Ex. 5 p. 37, and sadness, *see id.* at 30, 36 (relating to the older child). We have previously recognized:

> While we are not able to say that the trial judge could not have found otherwise that he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did.

*Bettencourt,* 822 N.E.2d at 997 (quoting *Kirk v. Kirk,* 770 N.E.2d 304, 307 (Ind. 2002)). The trial court heard testimony and examined the evidence, ultimately finding that a relocation would substantially affect the parties' children in a manner contrary to their best interests. Appellant's App. p. 16. Mother essentially asks us to reweigh the evidence, which we can-not do. *Green,* 843 N.E.2d at 26. The trial court's findings are supported by the record.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting Father's petition to modify custody. We therefore affirm the judgment of the trial court.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.