935 N.E.2d 296 (2010)
J.B., Appellant-Respondent,
v.
E.B., Appellee-Petitioner.
No. 34A04-1002-DR-110.
Court of Appeals of Indiana.
October 20, 2010.
*297 Craig A. Dechert, Kokomo, IN, Attorney for Appellant.
Derick W. Steele, Kokomo, IN, Attorney for Appellee.

OPINION
VAIDIK, Judge.

Case Summary
This is a child custody proceeding involving application of the counselor/client privilege. Mother and Father had a minor son and minor daughter. Mother was awarded physical custody of both children. Son touched Daughter inappropriately and was adjudicated a delinquent for sexual battery. He received counseling thereafter. His counselor frequently noted that he remained at high risk to reoffend. Father sought physical custody of Daughter as a result of the incident. At the custody modification hearing, Father offered into evidence Son's counseling records. The trial court excluded the records, finding them inadmissible pursuant to the counselor/client privilege. The trial court declined to modify custody, and Father appealed. Indiana Code section 31-32-11-1 abrogates the counselor/client privilege in any judicial proceeding "resulting from a report of a child who may be a victim of child abuse or neglect or relating to the subject matter of the report or failing to report." We conclude that this is one such proceeding and that the counselor/client privilege therefore does not apply. Accordingly, we find the trial court erred by excluding Father's evidence. We reverse and remand.

Facts and Procedural History
E.B. ("Mother") and J.B. ("Father") divorced in 2002. They had two minor children, daughter A.B., born November 8, 1998, and son W.B., born August 16, 1996. Mother was awarded physical custody of the children. The parents shared legal custody. Both parties ultimately remarried.
In 2007, A.B. informed Father that W.B. touched her inappropriately. Father reported the incident to Child Protective Services. CPS investigated, and W.B. was charged as a juvenile in Howard Circuit Court with Class D felony sexual battery. The juvenile court imposed a no-contact order between W.B. and A.B. A.B. moved in with her maternal grandparents for the pendency of the juvenile proceedings.
Mother sought counseling for W.B. after the charges were filed. W.B. saw licensed clinical social worker Chris Simpson beginning *298 in November 2007. Simpson kept notes, completed written assessments, and wrote synopses of W.B.'s counseling sessions. Simpson regularly documented that W.B. "remains at high risk to reoffend." Respondent's Ex. H.
W.B. admitted to the sexual battery charge and was adjudicated a delinquent in May 2008. He was placed on supervised probation and ordered to receive sex offender treatment. W.B. continued to see Simpson for counseling.
Simpson sent periodic treatment status reports to W.B.'s probation officer. The reports described W.B.'s progress, summarized the results of his assessment tests, and provided professional recommendations. In a report dated May 8, 2008, Simpson opined that W.B. was "at HIGH RISK to reoffend" and recommended "that he have NO ACCESS to former or potential victims." Respondent's Ex. A. On January 9, 2009, Simpson wrote that W.B. "appears to be no less of a threat to community safety than he was when he started in therapy, and I remain extremely concerned for the safety of his sister/victim." Respondent's Ex. C.
Nonetheless, W.B. was discharged from treatment in April 2009. His probation ended in May. Father requested that the juvenile court extend W.B.'s probation. He also asked that the no-contact order between A.B. and W.B. remain in effect. The juvenile court denied Father's requests. W.B. was released from probation, the no-contact order was lifted, and A.B. returned from her grandparents' home to live with Mother and W.B.
Father next filed a petition for modification of custody in Howard Superior Court. Father sought physical custody of A.B. His petition stated that W.B. had been convicted of a sexual battery involving A.B., and that A.B. was "in danger of future molestations due to the direct contact with W.B." Appellant's App. p. 28.
The trial court convened a hearing on Father's petition in January 2010. Father introduced W.B.'s counseling records along with a recorded deposition of Chris Simpson. The records included Simpson's notes, summaries, risk assessments, and status reports. Father offered the evidence to show W.B.'s behavioral issues and demonstrate the threat W.B. posed to A.B. Mother objected, arguing that W.B.'s records were protected by the counselor/client privilege. The trial court agreed and excluded the evidence. The trial court found that the materials were privileged and that no exception to the counselor/client privilege applied.
The trial court denied Father's petition to modify custody. The court concluded in part that "[A.B.] is older and in school. Both parents have remarried. While these changes are substantial, they are not a basis, without more, to modify custody." Id. at 44. The court also found that, although Father believed W.B. required more treatment, Father "did not introduce any evidence other than speculation to support his opinion." Id. at 42. Father now appeals.

Discussion and Decision
Father argues that the trial court erred in excluding W.B.'s counseling records pursuant to the counselor/client privilege.

I. General Principles of Custody Determination/Modification
Custody determinations are made in accordance with the best interests of the child. Ind.Code § 31-17-2-8; Baxendale v. Raich, 878 N.E.2d 1252, 1254 (Ind.2008). When evaluating the child's best interests, courts must consider all relevant factors including:
(1) The age and sex of the child.

*299 (2) The wishes of the child's parent or parents.
(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4) The interaction and interrelationship of the child with:
(A) the child's parent or parents;
(B) the child's sibling; and
(C) any other person who may significantly affect the child's best interests.
(5) The child's adjustment to the child's:
(A) home;
(B) school; and
(C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian....
I.C. § 31-17-2-8; Julie C. v. Andrew C., 924 N.E.2d 1249, 1256-57 (Ind.Ct.App. 2010).
Custody orders may not be modified unless "(1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors [enumerated in Section 31-17-2-8]." Ind.Code § 31-17-2-21; Browell v. Bagby, 875 N.E.2d 410, 413 (Ind.Ct.App. 2007), trans. denied.

II. The Counselor/Client Privilege
The counselor/client evidentiary privilege is established by statute and provides as follows:
Matters communicated to a counselor in the counselor's official capacity by a client are privileged information and may not be disclosed by the counselor to any person, except under the following circumstances:
(1) In a criminal proceeding involving a homicide if the disclosure relates directly to the fact or immediate circumstances of the homicide.
(2) If the communication reveals the contemplation or commission of a crime or a serious harmful act.
(3) If:
(A) the client is an unemancipated minor or an adult adjudicated to be incompetent; and
(B) the information communicated to the counselor indicates the client was the victim of abuse or a crime.
(4) In a proceeding to determine mental competency, or a proceeding in which a defense of mental incompetency is raised.
(5) In a civil or criminal malpractice action against the counselor.
(6) If the counselor has the express consent of:
(A) the client; or
(B) in the case of a client's death or disability, the express consent of the client's legal representative.
(7) To a physician if the physician is licensed under IC 25-22.5 and has established a physician-patient relationship with the client.
(8) Circumstances under which privileged communication is abrogated under Indiana law.
Ind.Code § 25-23.6-6-1. The purpose of Section 25-23.6-6-1 is to grant a privilege to protect confidential communication between a counselor and the counselor's client. State v. Pelley, 828 N.E.2d 915, 918 (Ind.2005). By enacting Section 25-23.6-6-1, the legislature extended to counselors the same privilege that exists for physicians. Id.; see also Ind.Code § 34-46-3-1(2) (physician/patient privilege). The counselor/client privilege is in derogation *300 of common law, so it must be strictly construed. Pelley, 828 N.E.2d at 920.

III. Abrogation of Privilege in Proceedings Resulting from Reports of Child Abuse
The counselor/client privilege is subject to exceptions. Section 25-23.6-6-1 lists several conditions under which the privilege does not apply. Subsection (8) further provides that the privilege is unavailable in "[c]ircumstances under which the privileged communication is abrogated under Indiana law."
In particular, Indiana Code section 31-32-11-1 abrogates the counselor/client privilege in proceedings resulting from reports of child abuse:
The privileged communication between:
* * * * * *
(3) a:
(A) licensed social worker;
(B) licensed clinical social worker;
(C) licensed marriage and family therapist;
(D) licensed mental health counselor;
(E) licensed addiction counselor; or
(F) licensed clinical addiction counselor;
and a client of any of the professionals described in clauses (A) through (F);
* * * * * *
is not a ground for excluding evidence in any judicial proceeding resulting from a report of a child who may be a victim of child abuse or neglect or relating to the subject matter of the report or failing to report as required by IC 31-33.
Section 31-32-11-1 is designed to reconcile the operation of various privileges with Indiana's reporting statute, Indiana Code section 31-33-5-1, which requires any person who has reason to believe that a child is the victim of abuse or neglect to make a report. Daymude v. State, 540 N.E.2d 1263, 1265 (Ind.Ct.App.1989), trans. denied. Section 31-32-11-1 is to be liberally construed so that children may be protected from various forms of abuse including molestation. Hayes v. State, 667 N.E.2d 222, 225 (Ind.Ct.App.1996), trans. denied. The statute has been applied for the most part in criminal prosecutions. See, e.g., Davidson v. State, 558 N.E.2d 1077, 1090-91 (Ind.1990); Baggett v. State, 514 N.E.2d 1244, 1244-45 (Ind.1987); Hayes, 667 N.E.2d at 224-25; Devore v. State, 658 N.E.2d 657, 658-59 (Ind.Ct.App.1995), reh'g denied, disapproved of on other grounds by Biddinger v. State, 868 N.E.2d 407, 412 n. 8 (Ind.2007). But Section 31-32-11-1 is worded broadly and abrogates the enumerated privileges in "any judicial proceeding" resulting from a report of child abuse or "relating to the subject matter of the report."
Here, A.B. informed Father that W.B. touched her inappropriately. This report resulted in W.B.'s delinquency proceedings, but it also resulted in Father's petition to modify custody and the present custody modification proceeding. Father seeks custody namely to prevent further abuse of A.B. The privileged information at issue concerns W.B.'s potential to reoffend. In line with the foregoing, we conclude that the instant case is a proceeding within the purview of Section 31-32-11-1 and in which the counselor/client privilege does not apply. See also Roth v. Roth, 793 S.W.2d 590, 592 (Mo.Ct.App.1990) (holding, pursuant to analogous Missouri statute, that no party may invoke the physician/patient privilege in a custody proceeding involving known or suspected child abuse or neglect). We therefore find the trial court erred in excluding W.B.'s counseling records on the basis of privilege. We also *301 cannot say the error was harmless, given the content of W.B.'s counseling records and the limited grounds on which the trial court based its ruling. We reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
MAY, J., and ROBB, J., concur.