Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**RODNEY V. SHROCK**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**BRIANE M. HOUSE**
**R. DANIEL FAUST**
House Reynolds & Faust, LLP
Carmel, Indiana

**ROBERT J. NICE**
The Nice Law Firm
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

EUGENE L. SMALL,                               )
                                               )
    Appellant-Respondent,              )
                                               )
        vs.                 )    No. 34A04-1306-JP-274
                                               )
BRANDI L. FOSTER,                              )
                                               )
    Appellee-Petitioner.               )

### APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Thomas C. Perrone, Special Judge
Cause No. 34C01-1105-JP-90

**December 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Eugene L. Small ("Father") and Brandi L. Foster ("Mother") had a child ("A.S.") out of wedlock. A.S. lived with Mother. After Father signed a paternity affidavit and was adjudged to be A.S.'s Father, Mother was granted sole physical and legal custody of A.S. Mother filed a notice of intent to relocate to Florida. In response, Father filed a petition for modification of custody. The trial court denied Father's petition, finding that relocation was in A.S.'s best interests and that modification of custody was not appropriate at this time.

Father appeals, arguing that the trial court's order does not contain sufficient findings of fact to show that it considered the required statutory factors and that it abused its discretion in concluding that relocation, and not modification of custody, is in A.S.'s best interests. Concluding that the trial court's order is sufficient for our review and that it did not abuse its discretion, we affirm.

**Facts and Procedural History**

On October 17, 2009, Mother gave birth to A.S. Father and Mother did not cohabitate, but Father regularly visited A.S. In addition to A.S., Mother has another son, born in December 2004, whose father is serving a life sentence for murder, and a daughter, born in September 2006, whose father is unverified. A.S. has lived with Mother and his two siblings since birth. The children play together and are very close. Tr. Vol. II at 22. Father has a total of six children with six different mothers. He has not raised any of the other five children and keeps in contact with only two of their mothers. Mother worked part-time at a

2

dry cleaners and received food stamps. Father has been employed at Chrysler Corporation for twenty-five years.

In 2010, Father injured Mother's neck by grabbing her, threatened to kill her, and threatened to break her jaw. In 2011, Father shut a car door on Mother's leg, causing her injury. Mother filed for a protective order against Father, and a two-year protective order was issued. Father has a conviction for battery of a prior girlfriend.

In June 2010, Father began living with Lisa Appollonio, and they bought a house in July 2011. Appollonio has been employed at Chrysler for eighteen years. Appollonio has had consistent contact with A.S. since he was six months old and has provided transportation for A.S.'s visitation since November 2010.

On August 17, 2011, Father signed a paternity affidavit, and by court order ("the Paternity Order") was adjudged to be A.S.'s Father. The Paternity Order granted Mother physical and legal custody of A.S. The trial court granted Mother sole legal custody of A.S. because she had obtained a protective order against Father and because, given the "pattern of abuse and the practical obstacles engendered by the order of protection, which include no direct communication between the two, it is unlikely that the Parties would be able to 'communicate or cooperate in advancing the child's welfare.'" Appellant's App. at 16 (quoting Ind. Code § 31-14-13-2.3). Father was granted visitation pursuant to the Indiana Parenting Time Guidelines and was ordered to pay $195 per week in child support.

Around Christmastime in 2011, Mother became engaged to Ellis Johnson. She and the children have spent most weekends with Johnson. Johnson has been affectionate with

A.S. and has taught his older siblings how to ride a bike. Johnson was a professional football player for ten years before retiring. Johnson had homes in Zionsville, Indiana, and in Oxford, Florida, with working farms in both states. He asked Mother to move to his Oxford home, which is situated on forty-seven acres. Johnson grew up in Oxford, and his house is three miles from his mother's home and near other family members. Mother agreed to move to Oxford with Johnson. Mother has the promise of a job as a receptionist in a nursing home upon her move to Florida, although she would earn less than she earns at her job at the dry cleaners. Mother also intends on going to school. Oxford is 950 miles from Father's home.

On February 11, 2013, Mother filed a notice of intent to relocate to Oxford, Florida. On February 15, 2013, Father filed a petition for temporary order denying relocation and a petition to modify custody, support, and parenting time requesting that he be awarded physical custody of A.S. and that Mother be ordered to pay child support. On March 27, 2013, the trial court held a hearing on Father's petition for a temporary order denying relocation and granted it until a hearing was held on Father's petition to modify custody, support, and parenting time. On April 30, 2013, an evidentiary hearing on Father's petition and Mother's notice of intent to relocate was held. On May 14, 2013, the trial court issued an order ("the Order") allowing Mother to relocate and denying Father's petition to modify custody. Specifically, the Order stated that the trial court considered the governing statute in finding that Mother's relocation was being made in good faith and for legitimate reasons. The Order also stated that the trial court considered the required statutory factors in finding that relocation was in A.S.'s best interests and that a modification of custody was not

appropriate. The Order also modified Father's child support to $159 per week and his visitation to six one-week segments annually pursuant to the Parenting Time Guidelines, with the parties to equally split the transportation costs. Father appeals.

**Discussion and Decision**

Father argues that the trial court erred in denying his petition for custody modification. Our standard of review is well-settled.

> In general, we review custody modifications for an abuse of discretion, with a preference for granting latitude and deference to our trial judges in family law matters. When reviewing a trial court's determination to modify custody, we may neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence.

*Green v. Green*, 843 N.E.2d 23, 26 (Ind. Ct. App. 2006) (citations and quotation marks omitted). "The burden of demonstrating that an existing child custody arrangement should be modified rests with the party seeking the modification." *Browell v. Bagby*, 875 N.E.2d 410, 412 (Ind. Ct. App. 2007), *trans. denied* (2008). "'[I]t is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal.'" *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (quoting *Brickley v. Brickley*, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)).

Modification of child custody is governed by Indiana Code Section 31-17-2-21(a), which provides that the trial court may not modify a child custody order unless "(1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider under [Indiana Code Section 31-17-2-8.]" Section 8 sets forth the following factors:

5

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

    (A) the child's parent or parents;
    (B) the child's sibling; and
    (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

    (A) home;
    (B) school; and
    (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian ....

Also, the trial court may consider a proposed relocation of a child as a factor in determining whether to modify a custody order. Ind. Code § 31-17-2.2-2(b). When the modification of custody is sought due to a proposed relocation of the child, the trial court must consider additional factors:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time ….

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time …, including consideration of the financial circumstances of the parties.

6

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating parent to promote or thwart the nonrelocating individual's contact with the child.

(5) The reasons provided by the:

    (A) relocating individual for seeking relocation; and
    (B) nonrelocating parent for opposing the relocation.

(6) Other factors affecting the best interest of the child.

Ind. Code § 31-17-2.2-1(b). "The relocating individual has the burden of proof that the proposed relocation is made in good faith and for a legitimate reason." Ind. Code § 31-17-2.2-5(c). "If the relocating individual meets the burden of proof under subsection (c), the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child." Ind. Code § 31-17-2.2-5(d). "Relocation does not require modification of a custody order." *Baxendale v. Raich*, 878 N.E.2d 1252, 1256 (Ind. 2008).

Father first argues that the trial court failed to make findings regarding the required statutory factors, preventing our review of the court's decision. Father relies on *Green*, also an appeal of a denial of a petition to modify based on the custodial parent's relocation. There, another panel of this court declined to review the trial court's order and remanded, stating, "As the trial court did not issue findings in the proceeding below, we cannot be certain as to which of the section 8 factors the trial court considered important or as to the manner, if at all, in which each factor was evaluated." 843 N.E.2d at 27.

We observe that the trial court is not required to make special findings after a custody modification hearing, absent a request by a party. *In re Paternity of J.T.*, 988 N.E.2d 398, 400 (Ind. Ct. App. 2013). Further, "[w]hen reviewing a general judgment, we presume that

7

the trial court correctly followed the law, and this presumption is one of the strongest presumptions applicable to our consideration of a case on appeal." *In re H.M.C.*, 876 N.E.2d 805, 807 (Ind. Ct. App. 2007) (citation omitted), *trans. denied* (2008); *see also Skiles v. Skiles*, 646 N.E.2d 353, 355 (Ind. Ct. App. 1995) ("When the trial court does not enter findings, we presume the judgment is based on findings supported by the evidence and will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment."), *trans. denied*. Here, unlike the order in *Green*, the Order specifically states that the trial court considered Indiana Code Section 31-17-2.2-5 in finding that Mother's relocation was being made in good faith and for legitimate reasons and considered the factors in Indiana Code Sections 31-17-2.2-1 and 31-17-2-8 in finding that relocation was in A.S.'s best interests and that a modification of custody was not appropriate. We therefore conclude that the trial court's order is sufficient for our review.

Father also argues that the trial court erred in finding that a modification of custody was not in A.S.'s best interests for the following reasons: Father has spent an "extraordinary amount of time" with A.S.; A.S. has known Appollonio since he was six months old; A.S.'s paternal and maternal families are in Howard County; and a "950-mile relocation necessarily limits [A.S.'s] contact with his Father and extended family to summers with little or no opportunity to bond during the rest of the year for holidays, school functions and casual family get-togethers." Appellant's Br. at 11. Father clearly loves A.S. and is understandably upset that his son will be 950 miles away from him, which will undoubtedly reduce the

8

amount of time that they can spend together. However, we cannot consider only Father's perspective but must also consider whether the relocation will be in A.S.'s best interests.

In considering Father's argument in light of the factors listed in Indiana Code Section 31-17-2.2-1, we observe that the trial court provided Father with a minimum of six one-week visitations that can be spread throughout the year such that A.S. can visit Father and his paternal family not only during the summer, but also during holidays and for special events. Also, the trial court was mindful of the expense and required the parties to split the transportation costs. Thus, we have no difficulty concluding that it is feasible for Father to maintain his relationship with A.S. In addition, Father has not directed us to any evidence that Mother has attempted to thwart Father's contact with A.S. Rather, the evidence shows that she has readily facilitated his relationship with A.S. The trial court found that Mother's reasons for relocating were legitimate and that the decision to relocate was made in good faith, and Father has not challenged this finding.

As to the factors listed in Indiana Code Section 31-17-2-8 that are most relevant to the circumstances presented by this case, we observe that A.S. was three years old at the time he moved to Florida. At such a young age, a move out of state will not have as significant an effect on him as it could on an older child who was already established at school, church, or sports. A.S. has a good relationship with Mother, his two older siblings with whom he has lived since birth, and with Johnson. And, we cannot ignore Father's pattern of domestic violence against Mother. After reviewing the evidence favorable to the Order in light of the statutory factors, we are unpersuaded that the evidence positively requires Father's

9

conclusion that a modification of custody, rather than relocation with Mother, is in A.S.'s best interests.  *See Kirk*, 770 N.E.2d at 307.  Therefore, we affirm trial court's decision.

Affirmed.

BAKER, J., and NAJAM, J., concur.