**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAIMIE L. CAIRNS**
Cairns & Rabiola, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SHAWNA GALLAGHER,                    )
                                     )
    Appellant-Petitioner,        )
                                     )
        vs.              )    No. 37A03-1308-DR-342
                                     )
JACOB GALLAGHER,                     )
                                     )
    Appellee-Respondent.         )

APPEAL FROM THE JASPER CIRCUIT COURT
The Honorable John D. Potter, Judge
Cause No. 37C01-1112-DR-1074

**April 4, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Shawna Gallagher (Mother), appeals the trial court's Order modifying physical custody of the minor children, T.G. and C.G. (Children), in favor of Appellee-Respondent, Jacob Gallagher (Father).

We reverse.

## ISSUE

Mother raises one issue on appeal which we restate as follows: Whether the trial court abused its discretion by modifying Mother's physical custody of the Children.

## FACTS AND PROCEDURAL HISTORY

Mother and Father were married. During their marriage, two children were born, T.G. born in 2006 and C.G. born in 2008. Mother and Father commenced divorce proceeding in 2008. The dissolution decree entered on September 3, 2008, provided that the parties would share joint legal custody of the Children with Mother having primary physical custody. On March 16, 2010, the parties agreed to modify the custody to joint physical and legal custody.

On January 11, 2011, by an agreement of the parties, the trial court again modified the custody order specifying that: Mother and Father have the Children on alternate weeks; T.G. was to continue pre-school in Wheatfield, Indiana; beginning in the 2011-2012 school year, the Children were to attend Rensselaer School District; Mother and Father were to share equal parenting time during all holidays; and Mother and Father were to bear all the expenses associated with the Children's needs while in their custody.

2

In February 2013, Father filed a motion for change of custody. On August 13, 2013, the trial court held a hearing on Father's motion. At the hearing, the guardian *ad litem* (GAL), Mother, Father, Father's fiancé and a case worker testified. The GAL advised to maintain the status quo since both parties had shown improvement during his involvement and no parent could handle parenting on their own. Mother indicated that she wished to maintain the custody arrangement. Father and his fiancé testified that it was in the Children's best interest to be in their Father's custody. At the close of the hearing, the trial court concluded that a substantial change in circumstances had occurred and that modification of custody was in the Children's best interests. As a result, the trial court maintained joint legal custody but awarded Father primary physical custody of the Children.

Mother now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

When reviewing a custody determination, we afford the trial court considerable deference as it is the trial court that observes the parties' conduct and demeanor and hears their testiomony. *Kondamuri v. Kondamuri*, 852 N.E.2d 939, 945–46 (Ind. Ct. App. 2006). We review custody modifications for an abuse of discretion "with a preference for granting latitude and deference to our trial judges in family law matters." *Werner v. Werner,* 946 N.E.2d 1233, 1244 (Ind. Ct. App. 2011) (quoting *K.I. ex rel. J.I. v. J.H.,* 903 N.E.2d 453, 457 (Ind. 2009)), *trans. denied*. We will not reweigh the evidence or judge the credibility of witnesses. *Kondamuri,* 852 N.E.2d at 946. Rather, we will reverse the trial court's

3

custody determination based only upon a trial court's abuse of discretion that is "clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom." *Id.* "[I]t is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal." *Kirk v. Kirk,* 770 N.E.2d 304, 307 (Ind. 2002).

## II. *Modification of Physical Custody*

As a preliminary matter, we note that Father did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

Custody determinations are made in accordance with the best interests of the child. *Baxendale v. Raich*, 878 N.E.2d 1252, 1254 (Ind. 2008). When evaluating the child's best interests, courts must consider all relevant factors including:

(1) The age and sex of the child.
(2) The wishes of the child's parent or parents.
(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4) The interaction and interrelationship of the child with:
    (A) the child's parent or parents;
    (B) the child's sibling; and
    (C) any other person who may significantly affect the child's best interests.
(5) The child's adjustment to the child's:
    (A) home;
    (B) school; and

(C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian....

Ind. Code § 31–17–2–8.

Custody orders may not be modified unless "(1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors [enumerated in I.C. § 31–17–2–8]." I.C. § 31–17–2–21; *Browell v. Bagby*, 875 N.E.2d 410, 413 (Ind. Ct. App. 2007), *trans. denied.*

Based on the foregoing, we note that Father bore the burden of establishing that the existing custody order was unreasonable and should be altered due to a substantial change in circumstances which has occurred since the date of the previous custody decree and affecting the Children's welfare. *See Cunningham v. Cunningham,* 787 N.E.2d 930, 935 (Ind. Ct. App. 2003).

In its custody modification order, the trial court made the following findings:

Since the last custody order, the following substantial changes have occurred:
a. The interaction and interrelationship of the child with any other person who may significantly affect the [C]hildren's best interest. The parties' [C]hildren have been exposed to several of [Mother's] boyfriends, including one who is now in prison.
b. The child's adjustment to their home, school and community. The parties' [C]hildren go to Kankakee Valley School Corporation by agreement of the parents. The [C]hildren had better attendance when they lived with [Father]. They have adjusted well to both homes.
c. The mental and physical health of all individuals involved. [Mother's] mental health and physical health has improved. She has improved regarding substance abuse issues. Her life is the most stable it has been. [Father's] life is the most stable it has been in some time as well.

(Appellant's App. pp. 22-23).

Mother asserts that Father failed to meet his burden of demonstrating that there has been a substantial change of circumstances and that custody modification is in the Children's best interests. In her appellant's brief, she lists three specific challenges to the trial court's findings of fact, which we categorize as follows: (1) Mother had exposed Children to several boyfriends; (2) Mother had allowed her Child to skip school; and (3) Mother's mental health.

A. *Mother's Boyfriends*

Mother first argues that the trial court erred in finding that she had exposed Children to *several* boyfriends. We recognize that a trial court considers the child's relationship not only with his or her parents, but also with "any other person who may significantly affect the child's best interests." *See* I.C. § 31–17–2–8(4)(C).

Looking at the record, we find no evidence to demonstrate that Mother had exposed the Children to *several* boyfriends. The only evidence in the record indicates that Mother had two boyfriends. Mother began dating J.W., the father to her four-year-old son, in 2009, and he later became incarcerated for nonpayment of child support. Mother contends that even if J.W. is now in prison, it doesn't support the finding that there was a substantial change in the circumstances. We agree. There is no evidence to suggest that J.W.'s involvement with the Children significantly affected their interest in any harmful way.

Mother also dated R.M. on and off for a period of one year, a fact that she did not disclose to the GAL. In finding number 5, the trial court found that "[Mother] did not tell the [GAL] about her boyfriends and living arrangements." (Appellant's App. p. 20). However, Mother argues that she answered this question truthfully. In fact, the record

6

reflects that the GAL corroborated Mother's testimony when he testified that he was not aware of any boyfriends "being residential." (Transcript p. 10). Moreover, we find that evidence presented at trial showing that Mother was in contact with several men on her "Facebook and []dating website" did not mean that she had dated or otherwise exposed the Children to these men. (Appellant's Br. p. 11).

Based on the foregoing, we find that the trial court erred in finding the evidence about Mother's past relationships demonstrated she had exposed the Children to *several* boyfriends. As such, we find that there was no substantial change to warrant a modification of custody

### B. *School Attendance*

Next, the record reveals that T.G. missed school while in Mother's custody. In its ruling, the trial court made the finding that the Children had better school attendance while in Father's custody. Evidence presented at trial shows that T.G. was absent from school seven times, but five of those absences were excused. Mother argues that while this finding is supported by the evidence, it revealed nothing more than an isolated act of misconduct which does not support a modification of custody. We note that the noncustodial parent must show something more than isolated acts of misconduct by the custodial parent to warrant a modification of child custody. *See Wallin v. Wallin*, 668 N.E.2d 259, 261 (Ind. Ct. App. 1996). In the instant case, the record shows that Rensselaer Central Elementary School, where T.G. attended school, sent a warning letter regarding T.G.'s absences. Our review of the record shows that out of those seven absences, five were excused and this only leaves us with two unexcused absences, and one warning letter. Moreover, the record

7

reveals that there were no further reports that T.G. had missed school while in Mother's custody. As in *Wallin*, we find that this was an isolated act, and we don't find it to be so egregious so as to support a modification of custody.

## C. *Mental State*

Lastly, Mother argues that the finding that her mental health, physical health, and substance abuse issues have improved only reaffirms her position that her life is stable. Mother therefore argues that the evidence did not support the modification of custody. We agree. Looking at the record, we find that the GAL testified that Mother and Father were the most stable than they have ever been. We agree with Mother that the evidence is contrary to the finding that there has been substantial change in the circumstances to justify a modification. Rather, a deterioration of Mother's mental or physical health would in essence support the trial court finding that there has been a substantial change. *See Owen v. Owen,* 563 N.E.2d 605 (Ind. 1990) (holding that a worsening mental condition may constitute a change in circumstances sufficient to necessitate modification of custody). It would therefore follow that an improvement in Mother's mental and physical condition should not have necessitated the trial court to modify the custody.

## CONCLUSION

Based on the above, we find that there was no substantial change in circumstances to justify modification of custody. We find that the trial court erred in modifying the prior custody order. Therefore, we reverse the trial court's ruling.

Reversed.

VAIDIK, C. J. and MAY, J. concur