## In re the MARRIAGE OF Kristy D. CAIN and Larry J. Cain.

## Wilbur and Leona CAIN, Appellants,

v.

## Kristy D. CAIN, Appellee.

### No. 79A02–8801–CV–34.

Court of Appeals of Indiana, Third District.

June 26, 1989.

Charles R. Deets, III, Heide, Sandy, Deets, Kennedy, Schrader & Antalis, Lafayette, for appellants.

Louis Pearlman, Jr., Pearlman & Chosnek, Lafayette, for appellee.

HOFFMAN, Judge.

Appellants Wilbur and Leona Cain appeal modification of a joint custody order. The facts reveal that on May 9, 1986 Larry and Kristy Cain dissolved their marriage which produced a child born June 10, 1983. The divorce court awarded joint custody of the child to the mother, Kristy Cain, and the paternal grandparents, Wilbur and Leona Cain. On April 14, 1987, Kristy filed a petition to modify the joint custody decree.

The trial court granted modification and awarded sole custody of the child to Kristy Cain. A portion of the trial court's order read:

"The Court believes that the level of cooperation necessary for joint legal custody cannot occur in the hostile environment that exists at the present time between the grandparents and mother. Mindful that the best interests of the

child are always the paramount issue, the Court concludes that the breakdown of the joint custody arrangement is a change in circumstances so substantial and continuing as to make the existing custody unreasonable."

Appellants argue that the trial court erred in modifying the joint custody order because the evidence was insufficient to show a substantial and continuing change of circumstances.

A trial court's determination on a modification of custody rests in its sound discretion. Upon appeal it must be demonstrated that the trial court abused its discretion. The reviewing court will not reweigh the evidence, adjudge the credibility of the witnesses, or substitute its judgment for that of the trial court. The reviewing court examines the evidence to determine only if there is any evidence supporting the trial court's determination, and it is only when the trial court's determination is against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom that the reviewing court will reverse. The overriding concern in any custody determination is the best interest of the child. *Meneou v. Meneou* (1987), Ind.App., 503 N.E.2d 902, 906.

A custody order will be modified only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. IND.CODE § 31–1–11.5–22(d) (1982 Ed.).

IND.CODE § 31–1–11.5–21 (1984 Supp.) states that:

"(f) The court may award legal custody of a child jointly if the court finds that an award of joint legal custody would be in the best interest of the child. As used in this section, 'joint legal custody' means that the persons awarded joint custody will share authority and responsibility for the major decisions concerning the child's upbringing, including the child's education, health care, and religious training. An award of joint legal custody does not require an equal division of physical custody of the child.

(g) In determining whether an award of joint legal custody would be in the best interest of the child, ... [t]he court shall ... consider:

\* \* \* \* \* \*

(2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare."

The evidence supporting the trial court's determination reveals that at the beginning the joint custody arrangement worked fine and the parties talked. But after Kristy remarried, communication stopped. While the grandparents had physical custody, they failed to tell the mother about enrolling the child in pre-school and the child's physical ailments. Conflicts arose about the need to discipline the child. The evidence supported the trial court's conclusion that the parties were unable or unwilling to share authority for the major decisions concerning the child's upbringing. The breakdown in communication and cooperation between the joint custodians was a substantial and continuing change in circumstances making the joint custody order unreasonable. The trial court did not abuse its discretion.

Affirmed.

SHIELDS, P.J., and ROBERTSON, J., concur.