# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**STEPHAN A. KRAY**
LaPorte, Indiana

ATTORNEY FOR APPELLEE:

**TERRY K. HIESTAND**
Hiestand Law Office
Chesterton, Indiana



FILED

May 24 2013, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE PATERNITY OF )
J.T. and I.T., Minor Children, )
)
R.A.P., Mother, )
)
    Appellant-Respondent, )
)
        vs. )    No. 46A05-1210-JP-544
)
C.D.T., Father, )
)
    Appellee-Petitioner, )

IN RE THE SUPPORT OF )
C.R.T., Minor Child, )
)
R.A.P., Mother, )
)
    Appellee-Petitioner )
)
        vs. )
)
C.D.T., Father, )
)
    Appellant-Respondent. )

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Steven King, Sr. Judge
Cause Nos. 46D02-1003-JP-23, 46D02-0210-DR-269

**May 24, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

R.P. (Mother) appeals the order granting sole legal and physical custody of J.T., I.T., and Co.T. to C.T. (Father). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 14, 2010, the juvenile court entered an order establishing Father as father of three children born to Mother: Co.T., born July 9, 2002; J.T., born March 4, 2004; and I.T., born February 24, 2008. That order also granted Father parenting time on a graduated scale, beginning with weekly six hour visits every Saturday, then escalating over a period of ten months to parenting time pursuant to the Indiana Parenting Time Guidelines. The court also ordered Father to pay $80 a week in child support and an extra $15 per week to satisfy an arrearage.

On July 30, 2010, and January 26, 2012, Father filed petitions to show cause, alleging Mother was in contempt of the parenting time order. On April 5, 2012, Father again alleged contempt, and petitioned for modification of custody. The juvenile court found Mother in contempt for denying parenting time, ordered Mother to pay Father $963.05 for attorney fees, and awarded Father immediate sole legal and physical custody of children.

## DISCUSSION AND DECISION

When a party requests modification of custody, we review the court's decision for an abuse of discretion, because we give wide latitude to our trial court judges in family law matters. *Julie C. v. Andrew C*., 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010). A petitioner seeking modification has the burden to demonstrate the existing custody arrangement needs to be altered. *Id*. As we undertake our review, we neither reweigh the evidence nor assess

witness credibility. *Id.* Rather, we consider only the evidence and inferences most favorable to the trial court's judgment. *Id.*

Our legislature has defined the circumstances under which a custody order may be modified:

> (a) The court may not modify a child custody order unless:
>      (1) the modification is in the best interests of the child; and
>      (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.

Ind. Code § 31-17-2-21 (hereinafter "Section 21"). Section 21 requires a court to "consider the factors listed under section 8 of this chapter," but in ordering a modification of child custody a trial court is not, absent a request by a party, required to make special findings regarding the continuing and substantial changes in the parties' circumstances. *Clark v. Clark*, 404 N.E.2d 23, 35 (Ind. Ct. App. 1980).

The factors the court must consider under Ind. Code § 31-17-2-8 (hereinafter "Section 8") include:

> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>      (A) the child's parent or parents;
>      (B) the child's sibling; and
>      (C) any other person who may significantly affect the child's best interests.
> (5) The child's adjustment to the child's:
>      (A) home;
>      (B) school; and

3

(C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Mother argues Father did not present evidence to prove a substantial change in any of the circumstances listed under Section 8, and thus the juvenile court abused its discretion when it granted Father sole legal and physical custody of children. We disagree.

The juvenile court found, in granting Father's petition to modify custody:

3.	Evidence established that on a continuing basis since the entry of this court's parenting time [visitation] orders on April 14, 2010, [Mother] has engaged in a continuing pattern of denial of parenting time to [Father] with his children. That pattern resulted in the filing of three separate contempt petitions by [Father].
4.	That pattern of behavior has been particularly pronounced and egregious since December of 2011. Since December 1 of 2011 through the date of hearing on July 11, 2012, the extent of parenting time permitted by [Mother] with his three children was as follows:
	a)	A six-minute telephone conversation on Christmas Day, 2011;
	b)	eight minutes with the children outside [Mother's] residence on March 4, 2012, [J.T.'s] birthday; and
	c)	six minutes with the children outside [Mother's residence] on July 9, 2012, which was [Co.T.'s] birthday.
5.	Stated otherwise, [Father] was denied parenting time on 31 separate occasions, including half of the Christmas break in 2011, Father's Day, 2012, Independence Day, 2012, as well as any meaningful period between two of the children's birthdays.

* * * * *

8.	It has been established by a preponderance of the evidence that there has been a substantial change in the interrelationship of [Mother] vis-à-vis [Father], to wit: she so despises and distrusts him that she has exhausted her limited coping skills and, as a result, acted in complete defiance of the existing parenting time orders over an extended period of time. Her repetitive failure to permit visitation is the product of a mindset not likely to change, given her demeanor, testimony and past failure to honor her assurances – in the face of prior contempt petitions – that she would abide by the parenting time order.

9.      As a consequence it is in the best interests of the three children that the existing custody order be modified; otherwise, the children will be denied a meaningful relationship with their father.

(App. at 10-11.)

Father presented evidence Mother routinely denied him the parenting time to which he was entitled. This establishes a substantial change in the interrelationship of the parties, which permits a modification in custody. *See In re Marriage of Cain*, 540 N.E.2d 77 (Ind. Ct. App. 1989) (modification of custody affirmed based on breakdown of communication and cooperation between the parties regarding parenting time). Accordingly, we affirm the juvenile court's decision to place the children with Father.

Affirmed.

BAKER, J., and MATHIAS, J., concur.