## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2018, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Brandon Rush
Rush Law Office, LLC
Peru, Indiana

Sharon L. Breitenbach
Breitenbach Law
Peru, Indiana

ATTORNEY FOR APPELLEE

Jeffrey Elftman
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Paternity of G.H. and J.H. (Minor Children):

R.H.,

*Appellant-Petitioner,*

v.

H.W.,

*Appellee-Respondent.*

May 21, 2018

Court of Appeals Case No. 17A-JP-3011

Appeal from the Cass Circuit Court

The Honorable Leo T. Burns, Judge

Trial Court Cause Nos.
09C01-1207-JP-57
09C01-1207-JP-58

**Najam, Judge.**

## Statement of the Case

R.H. ("Father") appeals the trial court's order denying his petition to modify custody of his two children with H.W. ("Mother"). Father presents a single issue for our review, namely, whether the court abused its discretion when it denied his petition. We affirm.

## Facts and Procedural History

Father and Mother have two minor children together, G.H. and J.H. ("the Children"), who were both born out-of-wedlock. After Father established his paternity with the trial court, the court awarded primary physical custody of the Children to Mother and parenting time to Father. In February 2017, Father and his family, which includes his wife and their five children, moved to Bunker Hill.

In March 2017, Mother began dating R.S. Also that month, Mother and Father discussed enrolling the Children in the Maconaquah school district. In June, Mother moved into a residence in Peru. In July, Father registered the Children in the Maconaquah school district. In late July, Mother notified Father by text message that she and the Children were moving to Flora to live with R.S. one week later. Mother also informed Father that she intended to enroll the Children in another school. Mother did not file a notice of intent to relocate with the trial court.

On August 1, Father filed with the trial court a motion to prevent relocation, request for temporary order to restrain relocation, and motion for modification

of custody.[1]  The trial court held a hearing on Father's motions, which Mother did not attend, and on August 18, the court issued an order granting Father temporary physical custody of the Children.  The court "rescind[ed]" that order on August 24, but ordered that the Children continue to attend school in the Maconaquah school district.  Appellant's App. Vol. II at 8.  Following an evidentiary hearing on November 16, the trial court denied Father's motion to modify custody.  This appeal ensued.

## Discussion and Decision

[5]  Father contends that the trial court abused its discretion when it denied his motion to modify custody.  We review custody modifications for an abuse of discretion, with a "preference for granting latitude and deference to our trial judges in family law matters."  *Wolljung v. Sidell*, 891 N.E.2d 1109, 1111 (Ind. Ct. App. 2008) (quoting *Apter v. Ross*, 781 N.E.2d 744, 757 (Ind. Ct. App. 2003), *trans. denied*).  We will not reweigh the evidence or judge the credibility of the witnesses.  *Id.*  Rather, we consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence.  *Id.*

[6]  Indiana Code Section 31-17-2.2-1 provides in relevant part as follows:

> (a) A relocating individual must file a notice of the intent to move with the clerk of the court that:

---

[1] Father has not included his motion in his appendix on appeal.

(1) issued the custody order or parenting time order; or

(2) if subdivision (1) does not apply, has jurisdiction over the legal proceedings concerning the custody of or parenting time with a child;

and send a copy of the notice to any nonrelocating individual.

(b) Upon motion of a party, the court shall set the matter for a hearing to review and modify, if appropriate, a custody order, parenting time order, grandparent visitation order, or child support order. The court shall take into account the following in determining whether to modify a custody order, parenting time order, grandparent visitation order, or child support order:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

The "other factors affecting the best interest of the child" include, by implication, the factors set forth for custody determinations and modifications under Indiana Code Section 31-17-2-8. *H.H. v. A.A.*, 3 N.E.3d 30, 34 (Ind. Ct. App. 2014).

[7] In relocation cases, there is an interplay between the custodial modification statute, Indiana Code Section 31-17-2-21, and the relocation statutes, Indiana Code 31-17-2.2-1 through -6. *Wolljung*, 891 N.E.2d at 1113. While there is some overlap between the two statutes, both are in play and must be considered. *Id.* Given the specific command of the legislature as stated in the relocation statute, the trial court is required to take into account all of the factors under Section 31-17-2.2-1(b).

[8] Father first contends that the trial court did not comply with Indiana Code Section 31-17-2.2-5(c), which puts the burden of proof on the relocating parent to prove that a move is made "in good faith and for a legitimate reason."[2] In

---

[2] We note that Father does not contend that Mother's failure to file with the trial court a notice of her intent to relocate has any bearing on the issue on appeal. *See, e.g.*, *Gold v. Weather*, 14 N.E.3d 836, 942 (Ind. Ct. App. 2014) (holding a trial court can consider noncompliance with the statutory notice provision as

particular, Father maintains that, at the conclusion of the evidentiary hearing, the trial court's statements in open court indicated that it did not require Mother to satisfy her burden of proof. We cannot agree.

[9] As this court has explained,

> our body of case law has not explicitly set forth the meaning of legitimate and good faith reasons in the relocation context. [*T.L. v. J.L.*,] 950 N.E.2d [779,] 787[ (Ind. Ct. App. 2011)]. However, [in *T.L.*,] we observed that "it is common in our society that people move to live near family members, for financial reasons, or to obtain or maintain employment." *Id.* at 787-88. Thus, we inferred that these and similar reasons are what the legislature intended in requiring that relocation be for "legitimate" and "good faith" reasons. *Id.* at 788. We further noted that, as the relocation statute provides and the Indiana Supreme Court has observed, the resolution of relocation disputes *ultimately turns on a judicial determination of the best interests of the child, part two of the two-prong standard. Id.* (citing *Baxendale*[ *v. Raich*], 878 N.E.2d [1252,] 1256 n.5[ (Ind. 2008)]). "If part one, the requirement of a legitimate and good faith reason, posed an inordinately high bar for a relocating parent to meet, it could too often prevent trial courts from reaching part two and appropriately deciding the dispute based on the best interests of the affected child." *Id.*

*H.H.*, 3 N.E.3d at 35 (emphasis added).

[10] Here, neither party requested, and the trial court was not required to enter, findings and conclusions. *R.A.P. v. C.D.T. (In re J.T.)*, 988 N.E.2d 398, 400

---

indicative of a parent's "insidious intent"), *trans. denied*. As the trial court noted, Father likewise did not file an intent to relocate when he moved to Bunker Hill in February 2017.

(Ind. Ct. App. 2013). Still, at the conclusion of the evidentiary hearing, the trial court issued its ruling denying Father's motion to modify custody in open court and made remarks about the best interests of the Children. While the trial court did not explicitly state that Mother had a burden to prove that her move was made in good faith and for a legitimate reason, we read the court's comments as entirely consistent with our analysis in *H.H.* set out above. We reject Father's contention on this issue.

[11] Moreover, where a trial court does not make findings and conclusions, we simply review the record to determine whether there is sufficient evidence of each relevant factor to support the trial court's decision. *See Harpenau v. Harpenau (In re Harpenau)*, 17 N.E.3d 342, 347 (Ind. Ct. App. 2014). Here, Mother testified that she moved to Flora to live with her boyfriend and because her eldest daughter, R., was having anxiety issues and needed to go to a different school. That evidence is sufficient to satisfy Mother's burden of proof to show that her move was in good faith and for legitimate reasons. *See, e.g.*, *H.H.*, 3 N.E.3d at 36 (holding trial court erred when it found Mother's proposed relocation for purpose of living with Husband, who had already moved, was not made in good faith or for legitimate purpose).

[12] Father also contends that he satisfied his burden to prove that a modification of custody is in the Children's best interests. Father correctly points out that, assuming Mother satisfied her burden to show that her relocation was in good faith and for a legitimate purpose, the burden then shifted to him to show that the proposed relocation is not in the best interests of the Children. I.C. § 31-17-

2.2-5(d). And Father maintains that he presented evidence on each factor set out in Indiana Code Section 37-17-2.2-1(b) to support modification of custody. But Father's contention on this issue is nothing more than a request that we reweigh the evidence, which we cannot do. The trial court heard relevant evidence on each statutory factor as follows:

> a. The distance involved. Father testified that, since Mother had moved with the Children to Flora, he had not provided transportation to exercise his parenting time because it was "too far." Tr. at 47. But Father also acknowledged that he is "willing and able" to transport the Children from Flora to exercise his parenting time. *Id.* at 36. Mother presented evidence that her new home in Flora is only forty minutes away from Father's home in Bunker Hill. Thus, the distance between the homes is relatively insignificant.
>
> b. The feasibility of preserving the relationship between Father and the Children. Again, Father testified that he is "willing and able" to transport the Children from Flora to exercise his parenting time. *Id.* Accordingly, the evidence on this factor supports the trial court's denial of Father's motion to modify custody.
>
> c. Pattern of Conduct by Relocating Parent. As for the existence of a pattern of conduct by Mother, including actions to promote or thwart Father's contact with the Children, Father testified that Mother has denied his requests for extra parenting time while Mother is working and the Children are out of school. However, Father also testified that he and Mother have attended therapy together in an effort "to better [their] communications[.]" *Id.* at 29. And the trial court noted that Father and Mother had worked well together over the years to "put[ the C]hildren first[.]" *Id.* at 87. The evidence supports a determination that

there is no pattern of conduct by Mother to thwart Father's parenting time.

d. Reasons for Seeking or Opposing Relocation. Again, Mother testified that she and the Children moved to Flora so that Mother could be with her boyfriend and because her eldest daughter, R., was having anxiety issues related to the Maconaquah school district. That evidence is sufficient to prove that Mother's relocation was in good faith and for a legitimate purpose.

e. Other factors. Father maintains that a modification of custody is in the Children's best interests because "from his household the [C]hildren can better be given an open access to both parents and . . . he is home every day when the [C]hildren get off the bus." Appellant's Br. at 12. But Mother testified that she only works two days per week some weeks, and other weeks she has Wednesdays and Thursdays off of work. And in assessing the best interests of the Children, the trial court stated that it felt that Mother has been an "anchor" for the Children, which helped them stay "resilien[t]" throughout the dissolution proceedings. *Id.* at 92.

We cannot say that the trial court abused its discretion when it concluded that denying Father's motion to modify custody was in the Children's best interests.[3]

[13] Affirmed.

Robb, J., and Altice, J., concur.

---

[3] To the extent Father contends that the trial court's statements at the conclusion of the hearing indicate that it did not consider all of the relevant statutory factors, again, the court did not enter findings and conclusions. Accordingly, we look to the sufficiency of the evidence to support each factor. *In re Harpenau*, 17 N.E.3d at 347.