Cemantha Sidell WOLLJUNG,
Appellant,

v.

Joseph SIDELL, Appellee.

No. 15A04–0712–CV–712.

Court of Appeals of Indiana.

Aug. 13, 2008.

Ronnie L. Miller, Indianapolis, IN, Attorney for Appellant.

George A. Leininger, Collins, Hensley & Wynn, Madison, IN, Attorney for Appellee.

### OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Cemantha Sidell Wolljung ("Mother") appeals from the trial court's order granting a motion filed by Joseph Sidell ("Father") to modify custody of the parties' minor child, S.S. Mother presents a single issue for review, namely, whether the trial court abused its discretion when it granted

Father's motion based on Mother's intent to relocate with the child.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY[1]

 Father and Mother were married in 1995 and divorced by summary decree on October 4, 2001. The parties have one child, S.S., who was born on September 21, 1996. In the summary decree, the court approved and incorporated the parties' written agreement regarding the custody and support of their minor child, S.S. Specifically, the parties had agreed to joint legal custody, with Mother to have primary physical custody and scheduled parenting time for Father. However, the parties subsequently agreed to and followed a schedule that provided equal parenting time for each party.

In the summer of 2006, Mother informed Father that she had become engaged to marry Kirk Wolljung ("Stepfather"), whose job was being transferred to Arkansas. Mother also informed Father of her intent to relocate with S.S. to Arkansas with Stepfather. Mother then filed with the court a notice of intent to relocate. Opposing the removal of S.S. to Arkansas, Father filed a motion to modify custody and a motion for a custodial evaluation. Mother subsequently filed a "Motion for Contempt" regarding Father's alleged failure to pay childcare expenses for S.S.[2] Appellant's App. at 37.

 The court granted Father's request for a custodial evaluation, which was later

---

1. We observe initially that Mother's brief does not include a statement of facts, which is required under Indiana Appellate Rule 46(A)(6). We remind counsel that this court has the authority to dismiss an appeal for flagrant violation of the appellate rules regarding the contents of appellate briefs. *See*

*Galvan v. State,* 877 N.E.2d 213, 216 (Ind.Ct. App.2007) (dismissing appeal for wholly inadequate appellant's brief).

2. The record provided does not indicate that the court ruled on the contempt issue, nor is that matter before us.

performed by Connor and Associates PLLC ("Connor Custodial Evaluation"). Mother then sought an independent evaluation from Dr. Gayle Kaibel, Ph.D.[3] On May 29, 2007, the court held a hearing on Father's motion to modify custody and Mother's motion for contempt. The court later held an in camera interview of the child, who was ten years old at the time. On September 12, 2007, the court issued its order granting Father's motion to modify custody. The order also set out a new visitation schedule to become effective upon Mother's relocation to Arkansas. Mother now appeals.

## DISCUSSION AND DECISION

■■■■ Mother contends that the trial court abused its discretion when it granted Father's motion to modify custody. We review custody modifications for an abuse of discretion, with a "preference for granting latitude and deference to our trial judges in family law matters." *Apter v. Ross*, 781 N.E.2d 744, 757 (Ind.Ct.App. 2003) (quoting *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind.2002)), *trans. denied.* We will not reweigh the evidence or judge the credibility of the witnesses. *Leisure v. Wheeler*, 828 N.E.2d 409, 414 (Ind.Ct.App. 2005). Rather, we consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence. *Id.*

In *Spoor v. Spoor*, 641 N.E.2d 1282, 1284–85 (Ind.Ct.App.1994), this court further detailed our standard of review:

Upon an initial custody determination, the trial court presumes that both parents are equally entitled to custody. However, in a petition to modify custody, the petitioner must demonstrate the existence of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. *The standard is in place to avoid the disruptive effect of moving children back and forth between divorced parents and to dissuade former spouses from using custody proceedings as vehicles for revenge. Accordingly, it has long been recognized that the welfare of the children is paramount and is promoted by affording them permanent residence rather than the insecurity and instability that follow changes in custody.* This is so even though at any given point in time the noncustodial parent may appear capable of offering "better" surroundings, either emotional or physical.

The standard, however, does not require a trial court to find that the present custodial parent is unfit prior to granting a change. The changes asserted in the petition are to be judged in the context of the whole environment. A trial court's inquiry in proceedings to modify a custody decree is strictly limited to consideration of changes in circumstances which have occurred since the last custody decree.

(Citations omitted, emphases added).

■■■■ Where, as here, the trial court did not make special findings, we review the trial court's decision as a general judgment and, without reweighing the evidence or considering witness credibility, affirm if sustainable upon any theory consistent

---

**3.** Neither party has provided a copy of Dr. Kaibel's custodial evaluation in his or her respective appendices, nor was a copy offered into evidence. We note, however, that the court took judicial notice of both evaluations. Because we do not have a copy of Dr. Kaibel's evaluation, we cannot consider it on appeal. However, we remind Mother that "[i]t is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." *Marion–Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468 (Ind.Ct.App.2006) (citing *Martin v. Martin*, 771 N.E.2d 650, 655 (Ind. Ct.App.2002)).

with the evidence. *See Baxendale v. Raich,* 878 N.E.2d 1252, 1257 (Ind.2008). Judgments in custody matters generally turn on essential factual determinations and will be set aside only when they are clearly erroneous. *Id.* We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id.* at 1257–58.

■ The relocation of a custodial parent does not require modification of a custody order. *Id.* at 1256. But, when the nonrelocating parent seeks custody in response to a notice of intent to relocate with the child,

> [t]he court *shall take into account* the following in determining whether to modify a custody order [or] parenting time order . . . :
>
> (1) The distance involved in the proposed change of residence.
> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time. . . .
> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time . . . , including consideration of the financial circumstances of the parties.
> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.
> (5) The reasons provided by the:
> (A) relocating individual for seeking relocation; and
> (B) nonrelocating parent for opposing the relocation of the child.
> (6) Other factors affecting the best interest of the child.

Ind.Code § 31–17–2.2–1(b) (2008) (emphasis added). "The court may consider a proposed relocation of a child as a factor in determining whether to modify a custody order [or] parenting time order. . . ." Ind. Code § 31–17–2.2–2(b).

Mother contends that the trial court, in ordering a change of custody arising from her intended relocation, "disregard[ed] provisions of Indiana's relocation statute and fail[ed] to consider evidence provided at [the] hearing prior to shifting custody of [S.S.]" Appellant's Brief at 8. In essence, Mother argues that the trial court (1) did not consider all of the elements required under Indiana Code Section 31–17–2.2–1(b) and (2) ignored certain evidence. We find the first issue to be dispositive.[4]

Mother contends that the trial court "committed reversible error by disregarding provisions of Indiana's relocation statute. . . ." Appellant's Brief at 8. We must agree. Because Father's motion to modify custody was filed in response to Mother's notice of intent to relocate, the trial court was required to consider the factors listed in Indiana Code Section 31–17–2.2–1(b) when deciding whether to modify custody. *See* Ind.Code Section 31–17–2.2–1(b) ("Upon motion of a party, the court shall set the matter for hearing to review and modify, if appropriate, a custody order. . . . The court *shall take into account* the following in determining whether to modify a custody order. . . ."). However, the record does not show that the trial court was presented with evidence on each of the factors listed in Section 31–17–2.2–1(b).

Our review of the record shows that Mother's proposed move was 730 miles away and that Father had told S.S. that the visitations would not be as frequent because of the distance. The parties of-

---

**4.** Mother's second argument, that the trial court ignored certain evidence, amounts to a request that we reweigh the evidence, which we cannot do. *See Baxendale,* 878 N.E.2d at 1257.

fered evidence regarding their respective incomes, actual or imputed,[5] and regarding Mother's and Father's agreement since the divorce that S.S. should have as much time with Father as with Mother. Mother testified that she planned to move to join her new husband in Arkansas, where he was required to relocate for work. And the parties testified concerning their respective plans regarding S.S.'s schooling, activities, medical care, child care, and related issues in the event the court awarded custody to him or her. But the parties do not direct us to any evidence in the record regarding the expense involved for Father to exercise parenting time, and there is only indirect evidence, if any, regarding the hardship for Father to exercise visitation if S.S. were to relocate with Mother.[6] Moreover, although the Connor Custody Evaluation addresses the effect on S.S. of relocating to Arkansas, the parties do not point to any evidence in the record regarding the feasibility of preserving the relationship between Father and S.S. in the event of relocation.

In relocation cases, there is an interplay between the custodial modification statute, Indiana Code Section 31–17–2–21, and the relocation statutes, Indiana Code 31–17–2.2–1 through –6. *See Baxendale,* 878 N.E.2d at 1256–57. While there is some overlap between the two statutes, both are in play and must be considered. *Id.* at 1257. Given the specific command of the legislature as stated in the relocation statute, the trial court is required to take into account all of the factors under Section 31–17–2.2–1(b). The court cannot do so without such evidence in the record. Thus, the parent seeking to modify a cus-tody order due to the other parent's relocation must present evidence on each of the statutory factors. It does not appear from the record of the hearing or the order that the parties or the trial court addressed each of the factors listed in Indiana Code Section 31–17–2.2–1(b), at the hearing on Father's motion to modify custody.

The relocation statutes do not require findings of fact, but, at a minimum, there must be evidence in the record on each of the factors listed in Indiana Code Section 31–17–2.2–1(b). We agree with Mother that the record before us does not demonstrate that the parties or the trial court fully considered or took into account the statutory factors in Indiana Code Section 31–17–2.2–1(b). Thus, we reverse the trial court's order modifying custody and remand to the trial court with instructions to conduct another hearing on Father's motion to modify custody and to hear evidence on each of the statutory factors. *See* Ind. Appellate Rule 66(C)(3). Absent exigent circumstances, the court shall order the parties to maintain the status quo vis-à-vis the child's custody and parenting time under the trial court's September 12, 2007, Order pending the outcome of the new hearing, which shall be conducted within thirty days from the date of this opinion.

Reversed and remanded with instructions.

DARDEN, J., and BROWN, J., concur.

---

5. Mother was not employed at the time of the hearing because of the time required to obtain treatment for her younger daughter's serious illness.

6. We note that this factor, the hardship and expense involved for the nonrelocating parent to exercise visitation, was also required to be considered under the former relocation statute, Indiana Code Section 31–17–2–23(b)(2) (2005).