**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SAMANTHA M. JOSLYN**
Law Office of Samantha M. Joslyn
Rensselaer, Indiana

ATTORNEY FOR APPELLEE:

**JULIE A. STEPHENS**
Efron, Efron & Yahne, P.C.
Hammond, Indiana



FILED
Mar 16 2012, 9:30 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD RICHMOND, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1108-DR-455 |
| | ) | |
| ERIN MAGER (RICHMOND), | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
Cause No. 64D01-0101-DR-536

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Todd Richmond (Father) appeals the denial of his petition for change of custody and the grant of Erin Mager's (Mother) petition for modification of Father's parenting time with their two minor children. He presents the following restated issues for review:

1.     Did the trial court abuse its discretion when it denied Father's petition for change of legal and physical custody?

2.     Did the trial court abuse its discretion when it modified father's parenting time?

We affirm.

The facts favorable to the trial court's ruling follow. Mother and Father have two minor children, C.R. and J.R.[1] Although Mother and Father's marriage was dissolved in March 2002, issues of custody, support, and parenting time were not determined by the trial court until February 11, 2005. Pursuant to the 2005 order, Mother was granted legal and physical custody of the children, and Father received parenting time well in excess of the Indiana Parenting Time Guidelines. Specifically, in addition to weekend and holiday parenting time under the guidelines, Father also received every Wednesday evening through Friday evening.

On March 19, 2010, Mother filed a petition seeking, among other things, modification of parenting time.[2] Father responded with a petition to modify custody on April 5, 2010. Despite attending mediation, the parties did not resolve the parenting-time and custody issues. Mother and Father did agree to the appointment of a Guardian Ad Litem (GAL), who

---

[1]  Born November 10, 1998 and March 16, 2000, respectively.

[2]  The history of this case leading up to the recent petitions has been anything but amicable. Both parties have filed for contempt and modifications multiple times. In fact, there was a previous appeal in which another panel of this court affirmed a contempt finding against Father. *Richmond v. Richmond*, No. 64A03-0607-CV-328 (October 6, 2006).

filed a report with the trial court and provided testimony at the hearing.

The matter was heard by the trial court on June 8, 2011. Evidence was submitted in a summary fashion upon agreement of the parties. Mother presented evidence to support her position that Father's extended parenting time of alternating weekends plus every Wednesday through Friday evening was no longer in the best interests of the children. In particular, Mother submitted documentation (graded homework and tests) indicating that the children's school work suffered on days that they were in Father's care. She also claimed that Father failed to keep her advised of the status of their assignments and upcoming tests when transitioning from his care. Further, because Father lives in another town about thirty minutes away, Mother explained that the children often had to complete their homework in father's car between school and extra-curricular activities. On the other hand, while in Mother's care, the children could come home to do their homework, have a snack, and relax before going to said activities.

Mother also presented evidence regarding Father's reluctance to encourage the children's participation in sports. He complains that she keeps them too involved and intentionally schedules their practice times and games to interfere with his parenting time. The evidence, however, establishes that the children participate in sports throughout the week during their time with each parent. Further, the GAL indicated that keeping the children active was particularly important given their current sizes and Father's weight issues.

With respect to Father's request for custody of the children and in addition to the evidence set out above, Mother indicated that she has been the one who consistently schedules doctor appointments and immunizations, volunteers at school, attends school

3

meetings, and signs the children up for sports and other activities. Father, on the other hand, has a propensity to complain (or refuse to cooperate) when scheduled activities, tutoring, doctor appointments, or meetings "interfere" with his parenting time. He also lives in another town, which would require the children to leave the school system they have been in for the last five years. Finally, Mother expressed concern that Father's home was not stable in that he and his current wife have a large amount of debt and Father has been unemployed for a number of years.

In sum, Mother opined that while Father truly wants to be with the children, "he doesn't want to put forth the effort to be a parent". *Transcript* at 15. Such effort would require, according to Mother, "keeping up with their school work, maintaining their responsibilities in sports involvement and helping out in school and so forth." *Id.* at 15.

Father's evidence directly conflicted with Mother's in most respects. Further, the GAL cautioned that a change of parenting time might be seen by the children as punishment. The GAL also noted that despite the significant discord between the parents, "it appears that for the most part the situation has been working well for [the children]." *Appellant's Appendix* at 53.

The trial court took the matter under advisement following the hearing and, on June 13, 2011, issued an order denying Father's petition to modify custody and granting Mother's request for modification of parenting time. Noting that the excess parenting time "has caused problems", the trial court modified parenting time to "the Indiana Parenting Time Guidelines and any other parenting time on which the parties can agree." *Id*. at 16, 17. Father timely filed a motion to correct error, which the trial court summarily denied on August 9, 2011.

Father now appeals.

1.

With respect to petitions to modify custody, as opposed to initial custody determinations, a petitioner must demonstrate the existence of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. *Wolljung v. Sidell*, 891 N.E.2d 1109 (Ind. Ct. App. 2008).

> *The standard is in place to avoid the disruptive effect of moving children back and forth between divorced parents and to dissuade former spouses from using custody proceedings as vehicles for revenge. Accordingly, it has long been recognized that the welfare of the children is paramount and is promoted by affording them permanent residence rather than the insecurity and instability that follow changes in custody.* This is so even though at any given point in time the noncustodial parent may appear capable of offering "better" surroundings, either emotional or physical.
>
> The standard, however, does not require a trial court to find that the present custodial parent is unfit prior to granting a change. The changes asserted in the petition are to be judged in the context of the whole environment. A trial court's inquiry in proceedings to modify a custody decree is strictly limited to consideration of changes in circumstances which have occurred since the last custody decree.

*Id*. at 1111 (emphasis in original).

We review determinations regarding custody modification for an abuse of discretion, granting latitude and deference to our trial judges in family law matters. *Wolljung v. Sidell*, 891 N.E.2d 1109. Thus, we will not reweigh the evidence or judge the credibility of the witnesses, and we consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence. *Id.* "Judgments in custody matters generally turn on essential factual determinations and will be set aside only when they are clearly erroneous." *Id.* at 1112. "We will not substitute our own judgment if any evidence or

5

legitimate inferences support the trial court's judgment." *Id.*

Here, Father contends that the trial court erred in denying his request for modification of custody because the denial "was against the weight of the evidence" and Father presented "sufficient evidence" to warrant modification. *Appellant's Brief* at 9. In support of his slender argument on appeal, Father directs us exclusively to the evidence he presented below. Such evidence indicated that Mother was keeping information from Father regarding the children's health and schooling, interfering with parenting time by "continually scheduling and involving them in activities",[3] making disparaging remarks about Father in the children's presence, and emotionally and/or physically mistreating the children. *Id.* at 11.

Mother denied each of these allegations and offered evidence to the contrary. Therefore, the evidence presented by the parties was clearly divergent. We reject Father's blatant invitation to reweigh the evidence. Looking only to the evidence most favorable to the judgment and any reasonable inferences from that evidence, as we must, the trial court's ruling is supported by the evidence and not clearly erroneous.

2.

Father also challenges the trial court's modification of his parenting time. Again, he claims that the decision was against the weight of the evidence and directs us to his evidence, which was in opposition to Mother's evidence, to show that modification was not in the children's best interests. As set forth above, Father does not apply the appropriate standard of review. He essentially asks us to consider the issue anew rather than review for an abuse

of discretion. This we will not do.

On review of a trial court's determination of a visitation issue, we will reverse only when the trial court manifestly abused its discretion. *Higginbotham v. Higginbotham*, 822 N.E.2d 609 (Ind. Ct. App. 2004). "No abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination." *Id.* at 612-13. We will not reweigh the evidence or judge the credibility of the witnesses, and we consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence. *Higginbotham v. Higginbotham*, 822 N.E.2d 609.

The record before us, considered in the light most favorable to the judgment, reveals that the parenting-time schedule established when the children were four and six years old was no longer working. At the time of the modification hearing, the children were eleven and twelve years old with active school and extracurricular lives.

Mother's evidence established that the children were not reaching their full potential at school, with their grades on homework and tests suffering due to overnight stays with Father during the school week. Also, Father lives about thirty minutes away from the children's school and sporting activities, while Mother lives within walking distance. When with Mother, the children are able to come home after school and focus on their homework before heading off to their extracurricular activities. On the other hand, while with Father, the children often have to do homework in his car before and during the various activities.

Further, the evidence reveals that Father has not fully embraced the reality that his

---

[3] The record establishes that the children are active in sports, with practices and games occurring during their time with each parent. Father's view that this takes away from his parenting time is misguided. Rather,

7

children are, and will continue to be, busy with after-school activities, including sports and tutoring. His apparent aversion to activities during his time with the kids has led to much conflict between him and Mother, making mid-week visitation less workable during the school year.

In sum, Mother's evidence reveals that the parties have consistent difficulty communicating regarding the children's school work and, on his nights, Father is not effectively preparing the children for school. The evidence supports an inference that the children are suffering scholastically as a result of the current parenting-time schedule. Moreover, time and again, Father has shown reluctance to permit the children to participate in sports and other after-school activities while in his care.

As noted by the trial court, the excess parenting time originally granted to Father when the children were young has "caused problems", especially in light of the children's active schedule during the school week. *Appellant's Appendix* at 16. While there was certainly evidence to the contrary presented below, we do not reweigh the evidence on appeal. Father has failed to establish an abuse of discretion regarding the trial court's modification of parenting time.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.

---

participation in these activities is a normal part of *parenting* a preteen and soon-to-be teenager.