## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2017, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Cynthia Phillips Smith
Law Office of Cynthia P. Smith
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of K.B.F., | September 13, 2017 |
| C.C., | Court of Appeals Case No. 79A05-1703-JP-636 |
| *Appellant-Respondent,* | Appeal from the Tippecanoe Circuit Court |
| v. | The Honorable Kurtis G. Fouts, Special Judge |
| M.F., | Trial Court Cause No. 79C01-1008-JP-45 |
| *Appellee-Petitioner.* | |

**Kirsch, Judge.**

[1] C.C. ("Mother") appeals the trial court's order granting a motion filed by M.F. ("Father") to modify custody of the parties' minor child, K.B.F. ("Child"). Mother presents several issues for review, which we consolidate and rephrase as

whether the trial court abused its discretion when it granted Father's motion based on Mother's intent to relocate with Child.

We affirm.

## Facts and Procedural History

Mother and Father are the parents of Child, born July 21, 2009. Mother and Father have not lived together since Child was one year old, and in November 2010, they entered into an agreed order for a shared parenting schedule. At that time, both Mother and Father lived in Stockwell, Indiana. In December 2011, Father moved to a new address in Rossville, Indiana, but no court order was requested to modify the parenting time schedule, and the shared parenting schedule continued after Father's move. On June 18, 2015, an order was entered in which Mother and Father agreed to have equal shared custody of Child with Father having overnight parenting time on Monday and Tuesday, Mother having overnight parenting time on Wednesday and Thursday, and the parties alternating the weekends of Friday, Saturday, and Sunday.

On February 10, 2016, Father filed a motion to modify custody, requesting that he receive physical custody of Child. In June 2016, Mother moved with Child to Brookston, Indiana to live with her boyfriend. At that time, she had not yet filed a notice of intent to relocate. Mother discussed the notice to relocate with her attorney in March 2016, but a "Verified Notice of Intent to Relocate" was not filed with the trial court until August 4, 2016. *Appellant's App. Vol. II* at 33-34. On August 10, 2016, Father filed a "Verified Emergency Petition to

Prevent Enrollment of Son in Tri-County School Corporation and Emergency Petition for Temporary Custody." *Id*. at 37-38. After Father received a copy of the motion of intent to relocate in open court on September 13, 2016, he filed a formal objection on September 20, 2016 to Mother's proposed move. A hearing was held on these pending motions.

[5] At the hearing, evidence was presented that Mother was already living in her new residence in Brookston at the time the notice of intent to relocate was signed. Both Mother and Father had been informed by the trial court of what the moving procedures were and what was required if one of them wished to move. As a result of her move, Mother enrolled Child in Tri-County School Corporation without notice to or consultation with Father even though they had a joint legal custody arrangement.

[6] At the conclusion of the hearing, the trial court issued an order granting Father's request for change of custody, finding that "it is in the best interests of the child to be in the care and custody of Father." *Appellant's App. Vol. II* at 17. In its order, the trial court found that Mother had failed to timely file her notice of intent to relocate, and it "based its decision on finding that Mother's move was not made in good faith and was concealed by her by not filing the proper Notice with the Court." *Id*. at 18. Mother now appeals.

## Discussion and Decision

[7] Mother appeals the trial court's order denying her motion of intent to relocate and granting Father's motion to modify custody of Child. We review custody

modifications for an abuse of discretion, with a preference for granting latitude and deference to our trial judges in family law matters. *Wolljung v. Sidell*, 891 N.E.2d 1109, 1111 (Ind. Ct. App. 2008). "[A]ppellate courts 'are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence.'" *D.C. v. J.A.C.*, 977 N.E.2d 951, 956-57 (Ind. 2012) (quoting *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002)). Therefore, we will not reweigh the evidence or judge the credibility of the witnesses. *Wolljung*, 891 N.E.2d at 1111. Rather, we consider only the evidence most favorable to the judgment and any reasonable inferences from that evidence. *Id.*

[8] Here, in reaching its decision, the trial court entered findings and conclusions, our review of which is well settled. Pursuant to Indiana Trial Rule 52(A), we do not "set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." *D.C.*, 977 N.E.2d at 953. Considering only the evidence most favorable to the trial court's judgment and all reasonable inferences derived therefrom, we will find clear error only if the evidence, either directly or by inference, fails to support the findings, or if the findings fail to support the judgment. *Paternity of X.A.S. v. S.K.*, 928 N.E.2d 222, 224 (Ind. Ct. App. 2010), *trans. denied*.

[9] Mother contends that the trial court abused its discretion when it modified the prior custody order because the prior order was not unreasonable and a new

order was not necessary since her relocation only created a 13.9-mile additional distance between Mother's home and Father's home. She claims that the move did not necessitate a change in custody because it did not affect the shared parenting schedule. Mother also argues that, in making its decision to modify custody to Father, the trial court did not consider all of the statutory elements under Indiana Code section 31-17-2.2-1

[10] If a parent intends to relocate, she must file a notice of her intent to move with the court that issued the custody or parenting time order already in place. Ind. Code § 31-17-2.2-1(a). In response, the non-relocating parent may file a motion seeking a temporary or permanent order to prevent the relocation of the child. I.C. § 31-17-2.2-5. When such a motion is filed, a statutory burden-shifting analysis must be undertaken by the trial court:

> (c) The relocating individual has the burden of proof that the proposed relocation is made in good faith and for a legitimate reason.

> (d) If the relocating individual meets the burden of proof under subsection (c), the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child.

*Id.* The court shall take into account the following in determining whether to modify a custody order, parenting time order, grandparent visitation order, or child support order:

> (1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

I.C. § 31-17-2.2-1(b). The "[o]ther factors affecting the best interest of the child" include the statutory factors relevant to an initial custody order or a modification of that order, such as the child's age and sex; the parents' wishes; the child's wishes; the child's interaction and interrelationship with parents, siblings, and other persons affecting the child's best interest; and the child's adjustment to home, school, and the community. I.C. § 31-17-2-8. In contrast to a modification of child custody pursuant to Indiana Code section 31-17-2-21, a relocation-based modification need not involve a substantial change to one of

the original best interest factors. *Jarrell v. Jarrell*, 5 N.E.3d 1186, 1190 (Ind. Ct. App. 2014) (citing *Baxendale v. Raich*, 878 N.E.2d 1252, 1256-57 (Ind. 2008)), *trans. denied*.

[11] Initially, we note that Mother failed to timely file her notice of intent to relocate. Although Mother's notice stated that the date she intended to move was June 1, 2016, and she did in fact move in June 2016, the notice was not filed with the trial court until August 4, 2016, and Father was not provided with a copy of the notice until September 13, 2016.[1] The evidence clearly demonstrates that Mother moved without waiting for court approval and without providing the requisite ninety-day notice pursuant to Indiana Code section 31-17-2.2-3.[2] In *Gold v. Weather*, 14 N.E.3d 836 (Ind. Ct. App. 2014), *trans. denied*, this court held that the trial court can consider noncompliance with the notice provision and obstruction of parenting time as indicative of a parent's "insidious intent." *Id.* at 842.

---

[1] At the hearing, testimony was presented that there was a miscommunication between Mother and her counsel, where she discussed her intention to relocate with her counsel in March 2016 and believed the notice would be filed, but her counsel thought that Mother was going to call with more definite plans to relocate, and therefore, the notice of intent to relocate was not timely filed. *Tr. Vol. II* at 56-57.

[2] Indiana Code section 31-17-2.2-3(b) states:

> Except as provided in section 4 of this chapter, if the relocating individual is unable to provide the information required under subsection (a)(2) not later than ninety (90) days before the relocating individual intends to move, the relocating individual shall provide the information in the manner required under subsection (a) not later than ten (10) days after the date that the relocating individual obtains the information required to be provided under subsection (a)(2). However, the relocating individual must provide all the information required under subsection (a)(2) not later than thirty (30) days before the relocating individual intends to move to the new residence.

[12] The trial court, in its order, found that: (1) "Mother unilaterally moved even though the proper notice procedure was not followed"; (2) "Mother's sole purpose for the move is to live with her boyfriend"; (3) "Mother failed to file timely her Notice of Intent to Relocate"; and (4) "it is in the best interests of the child to be in the care and custody of the Father." *Appellant's App. Vol. II* at 14, 17. The trial court stated that it was basing its decision on "finding that the Mother's move was not made in good faith and was concealed by her by not filing the proper Notice with the Court." *Id*. at 18.

[13] As Mother was the parent wishing to move, it was her burden to show the trial court that her proposed relocation was made in good faith and for a legitimate reason. I.C. § 31-17-2.2-5(c). Because there are no explicit criteria for determining whether a relocation is in good faith and for a legitimate reason, we generally require that the moving parent demonstrate an objective basis, something more than a mere pretext for relocating. *Gold*, 14 N.E.3d at 842-43. "It is commonly understood in today's society that individuals move in order to live closer to family members, for financial reasons, and for employment opportunities." *Id.* at 843. We, therefore, infer that these and similar reasons are what the legislature intended in requiring that relocation be for legitimate and good faith reasons. *Id.*

[14] Here, Mother's move was made solely for the purpose of living with her boyfriend, and no other explanation such as financial reasons or employment opportunities was given. Evidence was presented that Mother did not notify Father of her move until September 13, 2016, when he was personally provided

in open court with her Notice of Intent to Relocate. This was over three months after she had moved. At the hearing, Mother testified that she did not remember ever telling Father personally of her plans to move. *Tr. Vol. II* at 47-48. Although Mother and Father shared joint legal custody of Child, Mother unilaterally moved Child to a new home and a new school without discussing the changes with Father. We conclude that Mother's reason for relocation, her failure to timely file a notice of her intention to move, and her failure to inform Father of her intention to move, were sufficient to support the trial court's conclusion that Mother's relocation was not made in good faith and for a legitimate reason. Because Mother did not meet her initial burden of showing that her proposed relocation was made in good faith and for a legitimate reason, the burden did not shift to Father to show that the proposed relocation is not in the best interest of the child. *See* I.C. § 31-17-2.2-5(d). Therefore, the trial court did not abuse its discretion in denying Mother's request to relocate.

[15] Because Father filed a motion to modify custody in response to Mother's notice of intent to relocate, the trial court was required to consider the factors listed in Indiana Code section 31-17-2.2-1(b) when deciding whether to modify custody. *See* I.C. § 31-17-2.2-1(b) ("Upon motion of a party, the court shall set the matter for hearing to review and modify, if appropriate, a custody order . . . . The court shall take into account the following in determining whether to modify a custody order . . . ."). Thus, the parent seeking to modify a custody order due to the other parent's relocation must present evidence on each of the statutory factors. *In re Marriage of Harpenau*, 17 N.E.2d 342, 347 (Ind. Ct. App. 2014)

(citing *Wolljung*, 891 N.E.2d at 1113).  "The relocation statutes do not require findings of fact, but, at a minimum, there must be evidence in the record on each of the factors listed in Indiana Code section 31-17-2.2-1(b)."  *Wolljung*, 891 N.E.2d at 1113.

[16]    At the hearing, evidence was presented that, as a result of Mother's move to Brookston, her new home was 33.1 miles from Father's home, and Child's new school was 43.3 miles from Father's home.  *Tr. Vol. II* at 27-28.  Prior to Mother's move, Father's home was only 19.1 miles away from Child's prior school, so Mother's move caused Father to have to travel further distances to exercise his parenting time with Child.  Despite the additional distance, Father was still able to exercise his parenting time and was willing to keep driving the additional mileage to do so.  Evidence was also presented that Mother had previously lived with her boyfriend, but had moved out to live with her father in 2014.  Mother's sole reason for her move back to Brookston was to live with her boyfriend; there were no financial reasons or job opportunities behind her decision.  Father testified that he opposed Mother's relocation with Child because he had concerns with Child living with the Mother's boyfriend due to violence that had occurred between Mother and her boyfriend in the past.  *Id*. at 32.  Father also testified to his close relationship with Child and that he was involved in Child's life by playing sports, reading books, doing homework, attending doctor's appointments, and staying in contact with Child's school. *Id*. at 35-36.  Based on the evidence most favorable to the trial court's judgment and the reasonable inferences flowing therefrom, we conclude that sufficient

evidence was presented on the statutory factors to support the trial court's decision that modification of custody in favor of Father was in Child's best interests. Mother's arguments to the contrary are merely requests for this court to reweigh the evidence, which we cannot do on appeal. *Wolljung*, 891 N.E.2d at 1111. The trial court did not abuse its discretion.

[17] Affirmed.

[18] Najam, J., and Brown, J., concur.