## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2020, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Key
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Brittany A. K. Blau
Jeffersonville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Victoria Bundren, <br> *Appellant-Respondent,* <br><br> v. <br><br> Jared Watkins, <br> *Appellee-Petitioner.* | December 21, 2020 <br><br> Court of Appeals Case No. 20A-JP-1171 <br><br> Appeal from the Washington Circuit Court <br><br> The Honorable Larry W. Medlock, Judge <br><br> Trial Court Cause No. 88C01-1804-JP-86 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Victoria Brunden (Mother), appeals from the trial court's Order modifying custody and child support of the parties' minor daughter, N.W. (Child), in favor of Appellee-Petitioner, Jared Watkins (Father).

We affirm, in part, and reverse, in part.

# ISSUES

Mother raises two issues on appeal, which we restate as the following:

(1) Whether the trial court abused its discretion by awarding Father primary physical custody of Child; and

(2) Whether the trial court erred by ordering Mother to pay the transportation expenses incurred during her parenting time.

# FACTS AND PROCEDURAL HISTORY

On April 10, 2018, a petition to establish Father's paternity to Child was filed. On June 22, 2018, the trial court entered an order establishing Father's paternity to Child, and Father was ordered to pay child support in the amount of $114 per week. On August 24, 2018, Mother filed a motion to relocate to Kentucky. Father filed his objection to Mother's motion, and he additionally filed a motion to modify or clarify parenting time. On October 3, 2018, the trial court denied Mother's motion to relocate and scheduled a hearing for November 19, 2018. At that evidentiary hearing, the parties reached an

agreement that allowed Mother to relocate with Child to Kentucky and for Father to have parenting time with Child on alternating weekends and a mid-week visitation. On December 11, 2018, Father's counsel withdrew from the case and the following day Father filed a *pro se* request to modify custody. On January 4, 2019, Father filed a motion to relocate to Colorado. On January 17, 2019, the trial court permitted Father to have Child for his wedding in Colorado. The order also permitted Father to have Child for two weeks each month from June 2019 until January 2020. A review hearing was then set for February 14, 2020. Before the review hearing, on January 31, 2020, Father filed a motion for interim parenting time. Father sought to pay for Child's airfare to Colorado and keep Child from February 15, 2020 until March 11, 2020. On February 3, 2020, without conducting an evidentiary hearing, the trial court granted Father's motion. Mother subsequently filed a motion objecting to Father having extended parenting time with Child and a motion to have Kentucky as Child's home state pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA).

[5]     On March 11, 2020, the trial court conducted an evidentiary hearing. Father testified that when Child is in his care, he stays in contact with Mother regarding the needs of Child, but he had consistent trouble communicating with Child when Child is in Mother's care. Father testified that Mother had denied him communication with Child during her birthday, and on Christmas Eve and Christmas day. At the time of the hearing, the parties were exercising a two weeks on/two weeks off parenting time schedule. Mother testified that

parenting time should be expanded from the current two weeks on/two weeks schedule to provide Child with a more regular schedule. Father, who had filed a motion to modify parenting time, consistently testified that he preferred more parenting time with Child, and he wished to be Child's primary physical custodian. Father additionally testified that he had spent $12,381.06 in transportation costs to exercise his parenting time from February 2019 through March 12, 2020.

[6] The trial court subsequently entered an Order, granting the parties joint legal custody of Child, with Father now having primary custody of Child. The trial court also ordered equal parenting time, with six weeks on/six weeks off until Child began kindergarten. Further, the trial court ordered Mother to be responsible for her own parenting-time transportation expenses for Child, and it terminated Father's child support obligation. Regarding the question as to what would be the appropriate jurisdiction, the trial court recognized that neither party lived in Indiana and it directed the parties to seek jurisdiction in their respective state; however, the trial court maintained jurisdiction until a contrary order is issued by either Colorado or Kentucky.

[7] Mother now appeals. Additional information will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[8] In this case, neither party requested findings of fact and conclusions thereon, and the trial court titled its decision as an Order. Mother suggests on appeal

that the trial court *sua sponte* entered findings, and she asks us to apply the appropriate standard of review in that situation. We are, however, not persuaded that the trial court entered findings and conclusions thereon. More telling is the fact that the trial court did not walk through the evidence presented at trial, identify the statutes at issue, or enter detailed factual findings and separate conclusions thereon. Rather, it outlined in more general terms what it had ordered. Accordingly, we find it appropriate to review the trial court's decision under the general judgment standard. *See Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008) (in the absence of special findings, we review a trial court's decision as general judgment); *Wolljung v. Sidell*, 891 N.E.2d 1109, 1111 (Ind. Ct. App. 2008) (where the trial court did not make special findings, we review the trial court's decision as general judgment). Under this standard, the judgment will be affirmed if it can be sustained on any legal theory consistent with the evidence. *Baxendale*, 878 N.E.2d at 1257. "Judgments in custody matters generally turn on essential factual determinations and will be set aside only when they are clearly erroneous." *Id*. We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id*. at 1257-58. We grant "'latitude and deference to our trial judges in family law matters.'" *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016) (*quoting In re Marriage of Richardson*, 622 N.E.2d 178 (Ind. 1993)). "Appellate courts 'are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence.'" *Id*. (quoting *Kirk v.*

*Kirk*, 770 N.E.2d 304, 307 (Ind. 2002)). "In order to reverse a trial court's ruling, it is not enough that the evidence might have supported a different conclusion." *Montgomery v. Montgomery*, 59 N.E.3d 343, 350 (Ind. Ct. App. 2016), *trans. denied*. Rather, the evidence must positively require the conclusion contended for by appellant before we may reverse. *Id*. We may not reweigh the evidence or reassess witness credibility and must view the evidence in a light most favorable to the judgment. *Id*. Although we must be highly deferential to trial courts in custody cases, that deference is not absolute, and reversal is possible. *Id*.

## II. *Physical Custody*

[9] Mother contends that the trial court's Order modifying primary physical custody of Child in favor of Father was clearly erroneous. Pursuant to Indiana Code section 31-14-3-6, a trial court in a paternity proceeding may not modify a physical child custody order unless a noncustodial parent shows both that modification is in the best interests of the child, and there has been a substantial change in one or more of the factors listed under Indiana Code section 31-14-13-2. Those factors are:

> (1) The age and sex of the child.

> (2) The wishes of the child's parents.

> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

    (A) the child's parents;

    (B) the child's sibling; and

    (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 2.5(b) of this chapter.

[10] At the time of the evidentiary hearing, Father had relocated to Colorado, and Mother resided with Child in Kentucky. The parties had a split parenting time schedule of two weeks on/two weeks off. Father repeatedly stated that he desired to be Child's primary custodian. Although there was no evidence suggesting that Mother's Kentucky home was unsuitable for Child, there was evidence supporting the trial court's judgment indicating that Child was well-adjusted and well-cared for by Father in Colorado. In particular, Father presented pictures of Child's bedroom, bathroom, and toys, and he testified that

Child loved her home in Colorado. Father added that Child, who attends preschool in Colorado, loves her school and always talks about her friends. Father, who was raised in Colorado, presented pictures of Child with paternal grandparents.

[11] We will affirm the judgment if it can be sustained on any legal theory consistent with the evidence. *Baxendale*, 878 N.E.2d at 1257. Pursuant to Indiana Code section 31-14-13-2, evidence was presented concerning factor two, Father's wishes, and factor five, Child's adjustment to her Colorado home, school, and community. What this case truly boils down to is that the trial court was put in the difficult position of choosing who it thought was more suitable to be Child's primary custodian, and it selected Father. Mother's complaints about the trial court's judgment are essentially a request for us to reweigh the evidence in her favor, which we may not do.

[12] In sum, we find that Father carried his burden and we hold that the trial court's determination that Father did prove a substantial change in at least one of the Indiana Code Section 31-14-13-2 factors is not against the logic and effect of the facts and circumstances before the court. *See Sutton*, 16 N.E.3d at 485. Thus, we conclude that the trial court did not abuse its discretion by awarding Father primary custody of Child.

## II. *Transportation Costs*

[13] Mother argues that the trial court erred by finding that she should be responsible for parenting time transportation expenses for Child.

[14] The commentary to Indiana Parenting Time Guideline I(B)(2) provides that where distance between parents is a factor, "[t]he cost of transportation should be shared based on consideration of various factors, including the distance involved, the financial resources of the parents, the reason why the distances exist, and the family situation of each parent at that time."

[15] The record shows that in December 2019, there was an adjustment to Father's child support obligation. According to the child support obligation worksheet, Father's weekly gross income was $963 while Mother's was $290. At the evidentiary hearing, Father sought to split the parenting time travel costs, while Mother sought to maintain the current arrangement where Father fully pays for those expenses. The appealed order shows that the trial court terminated Father's child support obligation of $37, and it ordered the parties to split the parenting time transportation costs. Mother argues that

> the fact that Father lives a significant distance away and has traditionally incurred travel cost, it was a step too far to terminate [child] support and reallocate transportation expenses when no careful consideration was given to the variables in this case. Father had either agreed or been ordered to bear the expense of transporting the child to and from Colorado prior to the parties' most recent hearing, and Mother testified that she could not afford splitting the transportation to accommodate for Father's distant move. The parties agreed just a few months earlier that Mother was only capable of earning minimum wage and Father's income was significantly more than that amount.

(Appellant's Br. p. 23). The Indiana Parenting Time Guidelines contemplates a discussion of certain variables such as the parties' financial resources when

making an order of parenting time travel costs. There is an apparent disparity in the parties' income, and we cannot discern the trial court's departure from the guidelines. As such, pursuant to the Indiana Parenting Time Guidelines, we reverse this provision of the Order, and remand to the trial court for findings justifying the allocation of 50% of the parenting time travel costs to Mother.

## CONCLUSION

[16] Based on the foregoing, we conclude the trial court did not abuse its discretion when it awarded Father primary physical custody of Child. However, we reverse the provision of the Order which allocated 50% of the parenting time travel costs to Mother and remand to the trial court for a clarified order.

[17] Affirmed in part, reversed in part, and remanded.

[18] Najam, J. and Crone, J. concur