FILED
Nov 18 2024, 9:07 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

James Emslander,

*Appellant-Respondent*

v.

Jaclyn Baine,

*Appellee-Petitioner*

---

November 18, 2024

Court of Appeals Case No.
24A-DC-1138

Appeal from the Kosciusko Superior Court

The Honorable Karin A. McGrath, Judge

Trial Court Cause No.
43D01-2206-DC-150

---

**Opinion by Judge Mathias**
Judges Brown and Kenworthy concur.

**Mathias, Judge.**

[1] James Emslander ("Father") appeals the Kosciusko Superior Court's order granting Jaclyn Baine's ("Mother's") petition to relocate her residence with the parties' two minor children ("Children"). Father presents a single issue for our review, namely, whether the trial court abused its discretion when it granted Mother's relocation petition.

[2] We reverse.

## Facts and Procedural History

[3] Father and Mother (collectively, "Parents") were married and have two minor children together. After their divorce in 2023, Parents both lived in Syracuse, Indiana. The dissolution decree awarded Mother physical custody of the Children, with Father exercising parenting time. On January 27, 2024, Mother filed a notice of relocation stating her intention to move to Crown Point with the Children. And on February 16, Father timely filed his pro se objection to the relocation.

[4] On March 4, Mother moved to strike Father's objection for his failure to comply with Indiana Code section 31-17-2.2-5(a). In particular, Mother argued that Father had merely stated his objection without also making the necessary requests under Indiana Code section 31-17-2.2-5(a)(3)(B) and (C), which require:

> (B) A motion requesting:

> (i) a temporary or permanent order to prevent the
> relocation of the child; and
>
> (ii) the modification of a custody, parenting time,
> grandparent visitation, or child support order as a
> result of the relocation.
>
> (C) A request for a hearing on the motion filed under clause (B).

Mother also moved the court to grant her petition in light of Father's nonconforming objection.

During a hearing, the trial court denied Mother's motion to strike Father's objection, but the court found that, in light of Father's failure to comply with the statute, Mother was entitled to relocate. Neither party presented evidence regarding the relevant factors under the relocation statute, including the best interests of the Children, and the trial court did not consider the statutory factors. This appeal ensued.

## Discussion and Decision

Father contends that the trial court abused its discretion when it granted Mother's petition to relocate based solely on the fact that his objection did not comply with Indiana Code section 31-17-2.2-5(a). Notably, Mother does not dispute that that is the sole basis for the court's judgment.[1] Our standard of

---

[1] Father asserts that Mother's petition did not comply with Indiana Code section 31-17-2.2-1, but we need not address that issue.

review of a court's findings and conclusions following an evidentiary hearing is well settled:

> Pursuant to Indiana Trial Rule 52(A), the reviewing court will "not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *D.C. v. J.A.C.*, 977 N.E.2d 951, 953 (Ind. 2012) (internal quotation and citations omitted). . . .
>
> Additionally, there is a well-established preference in Indiana "for granting latitude and deference to our trial judges in family law matters." *In re Marriage of Richardson*, 622 N.E.2d 178 (Ind. 1993). Appellate courts "are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (quoting *Brickley v. Brickley*, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)). "On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id.* "Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment." *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011) (citations omitted).

*Steele-Giri v. Steele*, 51 N.E.3d 119, 123-24 (Ind. 2016).

[7]   Indiana Code chapter 31-17-2.2 governs a parent's relocation in the context of child custody. After Mother filed her notice of relocation, Father was required to file a response within twenty days, which he did. Father submitted a

handwritten response stating as follows: "I[,] James Emslander[,] am responding to the petitioner's Notice of Relocation. I object to this relocation of my minor children." Appellant's App. Vol. 2, p. 16. Pursuant to Indiana Code section 31-17-2.2-5(a)(3), in addition to stating his objection, Father was required to request a hearing and: (i) a temporary or permanent order to prevent the relocation of the children; and (ii) the modification of a custody, parenting time, grandparent visitation, or child support order as a result of the relocation. Father did not make those additional requests.

[8] Indiana Code section 31-17-2.2-5(g) states that, "[i]f the nonrelocating parent fails to file a response under subsection (a), the relocating individual may relocate to the new residence." In her motion to strike Father's response, Mother argued that because Father had "failed to file a response under subsection (a) of Indiana Code section 31-17-2.2-5, [Mother] should be allowed to relocate to her intended new residence." Appellant's App. Vol. 2, p. 18. At the conclusion of the ensuing hearing, while the trial court denied Mother's motion to strike, the court agreed that Mother was entitled to relocate because of Father's noncompliance with the statute.

[9] But we agree with Father that, under the facts and circumstances of this case, his technical noncompliance with the statute is insufficient to support the relocation order. It is a fundamental tenet of family law that all matters of child custody, including relocation, turn on the best interests of the children. *See, e.g.*, *Pilkington v. Pilkington*, 227 N.E.3d 885, 895 (Ind. Ct. App. 2024) (stating that "the resolution of a relocation request should ultimately turn on a judicial

determination of the best interests of the child involved"); *see also T.L. v. J.L.,* 950 N.E.2d 779, 788 (Ind. Ct. App. 2011) (observing that "the resolution of relocation disputes ultimately turns on a judicial determination of the best interests of the child").

[10] Indeed, as a result of Mother's relocation, the trial court modified Father's parenting time with the Children.[2] Under Indiana Code section 31-17-2.2-1(c), then, the trial court was first required to "take into account the following" factors:

> (1) The distance involved in the proposed change of residence.
>
> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.
>
> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.
>
> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.
>
> (5) The reasons provided by the:

---

[2] We note that the trial court refers to its order modifying Father's parenting time as "provisional," but that appears to be a misnomer. Tr. p. 39. The trial court stated: "I'll *call it* a provisional order but it would require a formal motion to change anything." *Id.* at 39-40 (emphasis added). Because the modified parenting time order was provisional in name only, the issue is ripe for appeal here.

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

[11] As Father points out, the trial court did not hear evidence on each of those factors. And the trial court's order explicitly rests entirely on Father's noncompliance with Indiana Code section 31-17-2.2-5(a)(3). Indeed, Mother's brief on appeal omits any reference to the statutory factors under 31-17-2.2-1(c), including the best interests of the Children.

[12] We reject Mother's contention that she was entitled to relocate under Indiana Code section 31-17-2.2-5(g) merely because Father's objection did not strictly comply with subsection (a) of that statute. Father objected, albeit without the additional required motions, and the trial court modified his parenting time without considering evidence of each of the statutory factors under Indiana Code section 31-17-2.2-1(c). And while the court was not required to make specific findings on each factor, "at a minimum, there must be evidence in the record on each of the factors listed" in the statute. *Wolljung v. Sidell*, 891 N.E.2d 1109, 1113 (Ind. Ct. App. 2008). Because Father filed an objection to relocation

and the trial court only heard evidence on some,[3] but not all of the factors, we reverse the trial court's grant of Mother's relocation petition.

[13] Reversed.


Brown, J., and Kenworthy, J., concur.


ATTORNEY FOR APPELLANT

Elizabeth A. Deckard
Bloom Gates Shipman & Whiteleather LLP
Columbia City, Indiana


ATTORNEY FOR APPELLEE

Andrew E. Grossnickle
Beers Mallers Backs & Salin, LLP
Warsaw, Indiana

---

[3] The parties presented evidence regarding the distance involved and the difficulty Father would have in exercising parenting time.